## JOSEPH F. LEE *vs.* CITY OF MINNEAPOLIS.

### May 20, 1875.

**Municipal Corporations—Street Grades.**—Unless expressly so declared by charter or statute, a municipal corporation, clothed with full power to grade and improve its streets, is not liable to property owners for consequential damages necessarily resulting from the action of its governing body in establishing the grade of a street, and causing it to be improved in conformity therewith.

The complaint alleges that plaintiff was the owner of a lot on First street in Minneapolis, and of three dwelling-houses thereon; that defendant established the grade of that street at a height of four feet above its original level and the level of plaintiff's lot, and filled the street up to the grade so established; that, to keep the gravel from sliding from the street into his houses, and to keep his houses from being flooded by water flowing down from the street

in rain-storms, plaintiff was obliged to, and did, construct a wall in front of his buildings, at a cost of $60.00; that after the grading of the street,. and in consequence thereof, the water, running down from the street during a rain-storm, undermined one of plaintiff's houses, and carried away his out-buildings; that by reason of the grading of the street the plaintiff's lot was depreciated in value in the sum of $1,000.00, and the rental of his buildings diminished by $10.00 per month, to his damage altogether in the sum of $1,360.00, for which he asks judgment.

A demurrer to this complaint was sustained by the district court for Hennepin county, *Vanderburgh*, J., presiding, and the plaintiff appealed.

*H. A. Partridge*, for appellant.

*Merrick & Morrison*, for respondent.

CORNELL, J. It is admitted that the defendant is a municipal corporation, invested by its charter with full power, through its city council, to cause to be established from time to time, as rapidly as the convenience of its inhabitants may require, under the direction of the city engineer, the grade of all streets, sidewalks and alleys "of said city," etc.; that, in the exercise of this power, an ordinance was duly passed establishing the grade of that portion of First street adjacent to and along certain land and buildings of plaintiff, some four feet higher than the natural grade of said land and street, in order to conform to the road-bed of a certain bridge mentioned in the complaint, and that by reason thereof, and of the improvement of said street by the defendant in accordance with such established grade, said property of plaintiff was injuriously affected, and greatly depreciated in value. No claim is made of any unskilfulness or negligence in respect to the manner in which the work so authorized by the ordinance was done. Plaintiff's right to recover rests upon the sole ground that the city is liable to respond in damages for injuries occasioned by the action of its council in the establishment of the grades of

its streets, and the improvement of the same in accordance therewith.

Unless expressly so declared by charter or statute, a municipal corporation, clothed with full power to grade and improve its streets, is not liable to property owners for consequential damages necessarily resulting from the action of its governing body in establishing the grade of a street, and causing it to be improved in conformity therewith. This proposition is too well settled, both upon principle and authority, to admit of a discussion. *Radcliff's Exrs.* v. *Mayor, etc., of Brooklyn,* 4 N. Y. 195 ; *Callender* v. *Marsh,* 1 Pick. 418 ; *Smith* v. *Washington,* 20 How. 135.

Order affirmed.