CALVIN W. TAYLOR *vs.* CITY OF AUSTIN.

June 30, 1884.

**Municipal Corporation—Duty to Keep Sewers in Repair.**—Where a municipal corporation, whose charter gives it the authority to construct, regulate, and keep in repair sewers, has assumed the control and management of a sewer in one of the public streets under its supervision, it is immaterial by whom the same was originally constructed, and it is bound to use reasonable diligence to keep such sewer in repair, as in other cases.

**Same—Negligence—Overflowing Cellar.**—And where the complaint alleged that at a given date the defendant negligently suffered such sewer to become obstructed, and neglected and refused to put the same in repair, by reason of which plaintiff's cellar was overflowed, and he was deprived of the use thereof for 90 days, evidence that on several occasions within that time his cellar was flooded from the same cause was properly received.

**Same—Evidence—Case for Jury.**—Evidence upon the question of defendant's alleged negligence considered, and *held* to make a case for the jury.

This action was brought in the district court for Mower county, to recover damages alleged to have been caused by the negligence of

defendant in failing to keep its sewers in repair. The action was tried before *Farmer*, J., and a jury, and plaintiff had a verdict for $78.92. Defendant appeals from an order refusing a new trial.

Defendant's seventh request, referred to in the opinion, was as follows, viz.: "If the plaintiff or his employes, after the first flow of water into the cellar, permitted his goods that were liable to injury to remain in the cellar, and they were thereby further damaged or injured, he is guilty of contributory negligence and cannot recover for any damages to said goods."

*J. M. Greenman*, for appellant.

*Lafayette French* and *D. B. Johnson, Jr.*, for respondent.

VANDERBURGH, J.[1] Plaintiff recovered a verdict for damages against the defendant on account of its alleged breach of duty in suffering a sewer or drain in one of its public streets to remain out of repair and obstructed, so as to cause plaintiff's cellar to be flooded with water, and his goods damaged. It is not material to inquire when or by whom the sewer was originally constructed, as it is not disputed that the city had assumed its control and management. It was therefore its duty to use reasonable diligence to keep it in proper repair. *Shartle* v. *City of Minneapolis*, 17 Minn. 284, (308;) *Moore* v. *City of Minneapolis*, 19 Minn. 258, (300;) *Phelps* v. *City of Mankato*, 23 Minn. 276.

2. Under plaintiff's allegations that the defendant negligently suffered the sewer to become obstructed on or about April 12, 1883, and refused and neglected to remove such obstructions and put the same in repair, in consequence of which plaintiff's cellar was overflowed with water and his goods damaged, and he was deprived of the use thereof for 90 days thereafter, it was proper for the court to allow evidence that on several occasions, within a few days subsequent to that date, the cellar was so flooded with water from the same cause, both for the purpose of showing the nature and extent of the injury and the neglect of the defendant, whose officers, as the evidence tended to show, had actual notice of its condition at the time.

3. The street commissioner, one Garrity, testified, on the part of

---

[1] Dickinson, J., because of illness, took no part in this decision.

the defendant, as to the condition of the sewer at the time in question. On his cross-examination he was interrogated in reference to his admissions and declarations made to one Fisher in reference to the cause of the obstruction thereof; and thereafter Fisher was called and examined by plaintiff upon the subject of Garrity's admissions, with the view of impeaching his credibility, and was asked this question: "Now, at that time, did Mr. Garrity state to you that that (the rubbish) was what caused the obstruction to the sewer?" This was objected to as incompetent, which objection was overruled, and the witness answered in the negative, but proceeded, and without objection, to state what Garrity said to him at another time. To this there was an entirely different objection, and the exception to the question as originally put, the answer to which was harmless in so far as it was responsive, was of no avail. It may be fairly presumed that the court would have rejected the evidence given if the proper objection had been taken. The same fact was, however, proved by the witness Loucks, without objection.

4. As respects the charge of the court, we see no substantial error. The legal questions were familiar and well settled. As before indicated, the city having undertaken the management and care of the sewers in the public streets which had passed under its control, it was responsible for its negligence in the premises; and the charge of the court to that effect was correct. The rule as to the necessity of notice, actual or constructive, to the defendant of the condition of the sewer, and the degree of care enjoined upon the city, was properly given; and the jury could not reasonably be misled by the general charge of the court on this subject. We have examined the evidence in this case, and think there was evidence tending to show negligence on the part of the city officials in suffering the sewer to remain in disrepair, and the court rightly refused to direct a verdict for defendant for insufficiency of evidence. There was evidence offered in defendant's behalf tending to show that the obstruction was caused by the formation of ice in the sewer, (which had not been the case in previous years,) and the defendant asked the court to charge that, if they so found, plaintiff could not recover, which instruction the court refused, but charged "that if the accumulation of rubbish and the re-

moval of the grate did not cause the overflow of water and damage to the plaintiff, he could not recover." This was equivalent to saying that if it arose from any other cause he could not recover; but, as the accumulation of rubbish may have caused, or have conduced to, the formation of the ice, we think the charge as actually given was proper, and fully protected the rights of both parties. .

It was not, as matter of law, contributory negligence to allow goods to remain in the cellar after the first influx of water. Plaintiff's conduct, under the circumstances, was fairly a question for the jury. The defendant's seventh request was therefore properly refused.

No other points require consideration, and the order denying a new trial should be affirmed.