CHARLES LEHN, RESPONDENT, v. THE CITY AND COUNTY OF SAN FRANCISCO, APPELLANT.

MUNICIPAL CORPORATION—DEFECTIVE SEWER—DAMAGES—DEFENSE.—It is no defense to an action for damages caused by the overflow of water from a defective sewer, that the defects which caused the damage were part of a general plan of construction adopted by the city.

SAN FRANCISCO—CLAIMS AGAINST THE CITY—PRESENTATION.—The charter of the City of San Francisco does not require a claim against the municipality to be presented to the Supervisors for allowance, before suit can be brought upon it.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

Action for damages arising from the overflow of water upon plaintiff's land, from a defective sewer.

It was admitted that the sewer was of insufficient capacity and defectively constructed, and that it was built " in accordance with and under a plan adopted by said city and county for the doing of said work."

The defendant asked the following instruction : " The jury are instructed that if the city ordered the 14th, 15th and Channel Street sewers to be constructed according to a plan, and if said sewers were constructed according to said plan, and if thereafter, by reason of any defect or fault in the plan, the water overflowed and damaged plaintiff's premises, plaintiff cannot recover for any damage so caused." This instruction was refused, and defendant excepted. The plaintiff had not presented his claim to the board of supervisors for allowance.

*J. F. Cowdery*, City and County Attorney, for Appellant.

The claim should have been presented to the board of supervisors for allowance.

The defendant is not liable, because the sewer was constructed in accordance with a plan adopted by the city and county. It could only be liable for a failure to keep it in repair after its construction. (*City of Denver* v. *Capelli*, 4 Colo. 25 ; Whart. on Negligence, § 260 ; Dill. on Mun. Corp., 3d ed. §§ 949, 953, 1046, *et seq.*; Sherman & Redf. on Negligence, § 127 ; *Child* v. *Boston*, 4 Allen, 41, 42 ; *Detroit* v. *Beckman*, 34 Mich. 125; *Carr* v. *Northern Liberties*, 35 Pa. St. 324 ; *Com-*

*missioners* v. *Duckett*, 20 Md. 476.)  In adopting the plan, the city authorities acted in a judicial capacity, and their action cannot be called in question in a suit for damages.  (Cooley on Torts, 408.)

*M. G. Cobb,* and *J. P. Meux,* for Respondent.

A municipal corporation is responsible for damages resulting from work done by its officers and servants, although done in pursuance of a plan adopted by it, where the plan is defective and insufficient.   (2 Dillon Mun. Corp., 3d ed., §§ 1048, 1049, 1050, 1051 ;  Wharton's Neg., §§ 264, 956 ;  *Ross* v. *City of Madison,* 1 Ind. 281 ; *Indianapolis* v. *Huffer,* 30 Ind. 235 ;  *Rowe* v. *Portsmouth,* 56 N. H. 291 ; *Rochester W. L. Co.* v. *Rochester,* 3 N. Y. 463 ;  *City of Leavenworth* v. *Casey,* McCahon, Kan. 124 ;  *Barnes* v. *Dist. Columbia,* 91 U. S. 540 and cases; *City of Denver* v. *Dunsmore,* 2 W. C. Rep. 841;  *Guerrin* v. *San Francisco,* Sup. Ct. Rec., vol. 333, pp. 266 *et seq.,* not reported ; *Jessup* v. *San Francisco,* id., vol. 484, pp. 245 *et seq.,* not reported; *Briggs* v. *Light Boats,* 11 Allen, 157.)

The same liability exists as to municipal corporations for injuries to person or property, as obtains against individuals. (*Mersey Dock Cases,* 11 House Lords Cases, 686 ;  *Parnaby* v. *Lancaster Canal Co.,* 11 A. & E. 223 ;  *Weightman* v. *Corp. Washington,* 1 Black, 39 ;  *City of Denver* v. *Dunsmore, supra; Barnes* v. *Dist. Columbia, supra,* and cases there cited.)

McKINSTRY, J.—1. The defendant is responsible for damages caused as alleged in the complaint, even if it was part of a *plan* adopted by the board of supervisors, that the sewers mentioned in the complaint should be left open at places through which their contents flowed on the plaintiff's land.  (*Guerrin* v. *San Francisco,* No. 6090 ; *Jessup* v. *San Francisco,* No. 6842.)

2. Section 4072 of the Political Code is inapplicable to the city and county of San Francisco.  (Pol. C. 4087.)  No section or clause of the statutes which constitute the charter of San Francisco, requires a claim or demand against the municipality to be presented to the supervisors before suit can be brought upon it. In *People* v. *Supervisors,* 28 Cal. 431, it was intimated (although the point was not involved in the determination of the

case) that the provisions of the Act of 1855, which made the presentation of a claim against a county to the supervisors, and its rejection by them, a prerequisite to a suit upon it, applied to the city and county of San Francisco. Even if that case could be held to be authoritative as to the point prior to the adoption of the Codes, the Act of 1855 was repealed by the Political Code; and as we have seen, the clause of that Code as to presentation is expressly declared to be inapplicable to San Francisco.

Judgment affirmed.

McKEE, J., and Ross, J., concurred.