WILLIAM E. TATE *vs.* CITY OF ST. PAUL.

Argued Jan. 26, 1894. Affirmed Feb. 17, 1894.

No. 8550.

**City liable for damages to property caused by insufficient sewer.**
 In an action against a city to recover damages caused by a sewer, owing to insufficient size, setting back the water into plaintiff's cellar, the following charge approved: "Where a public work, for instance a sewer, as the same was originally planned and constructed, is found to result in direct and physical injury to the property of another, that would not otherwise have happened, and which, from its nature, is liable to be repeated and continuous, but is remediable by a change of plan or the adoption of prudent measures, the corporation is liable for such damages as may occur in consequence of the original cause, after notice and an omission to use ordinary care to remedy the evil."

Appeal by defendant, the City of St. Paul, from an order of the District Court of Ramsey County, *Chas. D. Kerr*, J., made September 23, 1893, denying its motion for a new trial.

The plaintiff, William E. Tate, owned the lot and building Nos. 890 and 892 East Seventh Street in St. Paul and carried on a restaurant in the basement. In 1888 the city planned and constructed sewers in that street and in Mendota Street adjoining insufficient in size, grade and outlet to carry off the water and sewage, and after notice and knowledge of their incapacity neglected to remedy

the defect. In September, 1889, plaintiff put water closets in his cellar and connected them by proper pipes with the Seventh street sewer. In June, 1892, and at other times the water from the sewer flowed back through the water closet pipes into plaintiff's cellar and injured his building and his property therein. He brought this action to recover of the city the damages he sustained thereby. He charged in his complaint that the injury was caused by the negligence of defendant, in not properly designing and building the sewers, and in collecting therein too large an amount and volume of water and not making sufficient outlets therefor. The city answered by a general denial and also alleged that the sewers were constructed pursuant to plans and specifications prepared by the city engineer approved by the board of public works and the common council of the city. At the trial on June 16, 1893, the Judge charged the jury in the language quoted in the opinion, and defendant excepted. The jury returned a verdict for plaintiff and assessed his damages at $350. The city moved for a new trial and being denied appeals.

*Leon T. Chamberlain* and *Frederic A. Pike*, for appellant.

A municipality acting judicially and not ministerially in planning and constructing a sewer system, is exempt from liability for results arising from subsequently discovered defects in the plans of such system, unless it be shown that such defects were due to incompetence of municipal agents or to gross negligence on the part of the municipality amounting to presumptive bad faith on its part. *City of Terre Haute* v. *Hudnut*, 112 Ind. 542; *Rice* v. *City of Evansville*, 108 Ind. 7; *Alden* v. *City of Minneapolis*, 24 Minn. 254; *Paine* v. *Trustees of Delhi*, 116 N. Y. 224; Elliott Roads and Streets, 366.

*John L. Townley*, for respondent.

GILFILLAN, C. J. The action is to recover damages arising from a sewer laid by defendant, and with which plaintiff had connected, as he had a right to do, setting the water in it back so that it flooded plaintiff's basements. The defect alleged in the sewer was that it was of insufficient capacity to carry off the water brought into it. The defect appears to have existed in the original plan for sewering that part of the city; that is, the city, in determining upon a system

of sewers, determined upon the sizes required for the main sewer and for the lateral sewers running into it, and the size determined on for the former proved too small.

The rule is uniformly conceded that for injuries wholly incidental to and consequential upon the exercise by a municipal corporation of the legislative or discretionary powers intrusted to it (as distinguished from its ministerial acts) no action will lie against it. Instances of the application of that rule are furnished by *Lee* v. *City of Minneapolis,* 22 Minn. 13, where the power exercised was establishing the grade of a street under the charter, and *Alden* v. *City of Minneapolis,* 24 Minn. 254, where the city had established a system of grades for streets and sidewalks, and drains, gutters, catch-basins, and sewers, and had constructed the streets, sidewalks, drains, and gutters, and partially completed the sewers. The complaint was that the sewers, drains, gutters, and catch-basins were not sufficient to carry off the surface water falling in rains upon the streets, so that it flowed from the streets upon plaintiff's lot.

The line between legislative acts and ministerial acts of a municipal corporation is not very clearly marked by the decisions, nor is it necessary to attempt to trace it in this case.

Some of the earlier cases do not clearly recognize the distinction between injuries incidental to the exercise of municipal legislative functions, and direct and positive wrongs—such, for instance, as trespass—caused by it. The later and better authorities, however, recognize the distinction, and, while adhering to the rule that for the former no action will lie, hold that for the latter the party may recover. The distinction is apparent, though it is not clearly discussed in either of the cases, of *O'Brien* v. *City of St. Paul,* 18 Minn. 176, (Gil. 163,) and 25 Minn. 331; *Kobs* v. *City of Minneapolis,* 22 Minn. 159; and the *Lee* and *Alden* Cases, above cited.

To determine when and upon what plan a public improvement shall be made is, unless the charter otherwise provides, left to the judgment of the proper municipal authorities, and is, in its nature, legislative. And, although the power is vested in the municipality for the benefit and relief of property, error of judgment as to when or upon what plan the improvement shall be made, resulting only

v.56m.—34

in incidental injury to the property, will not be ground of action; as, if, in grading streets to the authorized grades, the plan of the grading is inadequate to drain a lot of the surface water, or even if it make it more difficult and expensive for the owner to drain it, or make access to the lot more difficult, that is a result incidental to the improvement. But for a direct invasion of one's right of property, even though contemplated by, or necessarily resulting from, the plan adopted, an action will lie; otherwise, it would be taking private property for public use without compensation. Thus, if, in cutting a street down a grade, the soil of an abutting lot is precipitated into the cut, or if, in filling up to grade, the slope of the embankment is made to rest on private property, that is a direct invasion of property rights which cannot be justified, even though the plan adopted contemplates, or will necessarily produce, the result.

Judge Dillon, in his work on Municipal Corporations, (4th Ed.,) §§ 1047–1051, approves the rule, laid down in more recent decisions by some of our ablest courts, that if a sewer, *whatever its plan*, is so constructed as to cause a positive and direct invasion of private property, as by collecting and throwing upon it, to its damage, water or sewage which would not otherwise have flowed or found its way there, the corporation is liable. Conspicuous for their ability, among the cases referred to by him, are *Ashley* v. *Port Huron*, 35 Mich. 296, and *Seifert* v. *City of Brooklyn*, 101 N. Y. 136, (4 N. E. 321,)—each, the former, especially, a very interesting case. See, also, *Brayton* v. *Fall River*, 113 Mass. 218; *Lehn* v. *City and County of San Francisco*, 66 Cal. 76, (4 Pac. 965;) *Weis* v. *City of Madison*, 75 Ind. 241. It is impossible to answer the reasoning of these cases, especially where the injury complained of constitutes a taking. That making one's premises a place of deposit for the surplus waters in the sewers in times of high water, or creating a nuisance upon them so as to deprive the owner of the beneficial use of his property, is an appropriation requiring compensation to be made, see *Weaver* v. *Mississippi & R. R. Boom Co.*, 28 Minn. 534, (11 N. W. 114.)

The court below instructed the jury "that where a public work, for instance a sewer, as the same was originally planned and con-

structed, is found to result in direct and physical injury to the property of another, that would not otherwise have happened, and which, from its nature, is liable to be repeated and continuous, but is remediable by a change of plan or the adoption of prudent measures, the corporation is liable for such damages as occur in consequence of the original cause, after notice and an omission to use ordinary care to remedy the evil."

This is within the rule stated in Dillon and the cases cited, and, as it gives the corporation an opportunity to correct or obviate the error in the original plan before liability, we do not hesitate to approve it. This is as far as we need go in this case.

The evidence was such as to justify a verdict for plaintiff under that charge of the court.

Order affirmed.

(Opinion published 58 N. W. Rep. 158.)