[L. A. No. 5252. In Bank.—December 16, 1919.]

WESTERN SALT COMPANY (a Corporation), Appel-lant, v. THE CITY OF SAN DIEGO (a Municipal Corporation), Respondent.

[1] MUNICIPAL CORPORATIONS—SAN DIEGO—DAMAGES FROM COLLAPSE OF DAM—PRESENTATION OF CLAIM WITHIN SIX MONTHS—CHARTER. In view of section 10, article II, of the charter of San Diego, which provides that all claims for damages against the city must be presented to the common council and filed with the clerk within six months after the occurrence from which the damages arose, a complaint in an action to recover damages against such city by reason of the collapse of a dam constructed by the city and main-tained by it as a part of its municipal waterworks, fails to state a cause of action, where there is no allegation of the presentation of the claim to the council within six months after such collapse.

[2] ID.—APPLICABILITY OF CHARTER PROVISION TO ALL CLAIMS.—The requirement of section 10, article II, of the charter of the city of San Diego as to presentation of claims for damages against the city is applicable to claims incurred by the city in the exercise of both its governmental powers and in private enterprises undertaken by the city.

APPEAL from a judgment of the Superior Court of Orange County. Hugh L. Craig, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Leovy & Leovy for Appellant.

T. B. Cosgrove for Respondent.

WILBUR, J.—This action was brought to recover damages suffered by the plaintiff by reason of the collapse of the "lower Otay dam" constructed by the defendant city and maintained by it as a part of its municipal waterworks. A general demurrer to the complaint was sustained and a judgment rendered for the defendant.

The defect in the complaint to which the demurrer was directed, and to which our attention is called, is the failure therein to allege the presentation of the claims for damages to the city council of the defendant city within six months after the accrual of the damages. The freeholders' charter of the city provides as follows: "All claims for damages against the city must be presented to the common council and filed with the clerk within six months after the occurrence from which the damages arose." (Sec. 10, art. II, c. 2, San Diego Charter, Stats. 1889, p. 658.) This provision of the charter of San Diego was considered by this court in Bank in *Bancroft* v. *City of San Diego*, 120 Cal. 432, [52 Pac. 712]. It is there held that the failure to present a claim for damages to the city council within six months was fatal to the cause of action. It was there said: "This charter expressly requires all claim for damages to be presented within six months, not to an auditor or auditing committee, but to the legislative body of the city. Coupled with the other provisions which expressly require the presentation of all claims and demands and authorize the auditing committee to take testimony, and upon that to reject or allow, there can be no doubt as to the policy adopted in this charter." Damages therein sued for were damages for change of grade of the street. The only way in which the appellant in the instant case seeks to break the force of the decision in *Bancroft* v. *City of San Diego, supra,* is by the contention that the rule for the presenta-

tion of claims is different with reference to those claims incurred by the city in exercising its governmental powers and those incurred in the exercise of powers in private enterprises undertaken by the city. This distinction was drawn by the supreme court of the state of Nebraska in *Henry* v. *Lincoln,* 93 Neb. 331, [50 L. R. A. (N. S.) 174, 140 N. W. 664], and seems also to be recognized by the supreme court of Massachusetts in *D'Amico* v. *Boston,* 176 Mass. 599, [58 N. E. 158]. These decisions, however, turn upon the language of statutes there under consideration and the local legislative and judicial history involved in their interpretation. [1] The claim for damages here presented by the plaintiff in his complaint comes within the language of the charter requiring "all claims for damages" to be presented to the common council. The same charter which provides for the presentation of claims for damages also authorizes the city to establish and maintain waterworks. (Par. 29, sec. 1, c. 2, art. II, Charter of San Diego, Stats. 1889, p. 653.) [2] Under these circumstances we see no opportunity for any construction of the language with reference to presentation of claims based upon the fact that some of the powers of the city enumerated in the charter are governmental in character, and others authorize the establishment by the city of enterprises which partake of a private character. In either event the city is acting as such and the damages which accrue against it, under the law, are chargeable against the city.

It is suggested by appellant that perhaps this court recognized the distinction now sought to be invoked in the case of *Bloom* v. *City of San Francisco,* 64 Cal. 503, [3 Pac. 129]. But it appears from the records in that case and the decision of this court in *Lehn* v. *San Francisco,* 66 Cal. 76, [4 Pac. 965]; and the later case of *Spangler* v. *City of San Francisco,* 84 Cal. 12, 20, [18 Am. St. Rep. 158, 23 Pac. 1091], that the basis of that decision was the conclusion that the Consolidation Act (secs. 24, 82, 83, 84, 85, Stats. 1856, pp. 169, 170; see, also, Stats. 1858, p. 235) did not require the presentation before judgment to the board of supervisors of the city and county of San Francisco of unliquidated claims for damages. (See, also, *Bank of California* v. *Shaber,* 55 Cal. 322, 325.) The reason for this type of legislation, requiring claims to be first presented to the

legislative body of a city or county before suit is brought, is thus stated in an early case in this state: ''We think the intention of the legislature was to prevent the revenue of the county from being consumed in litigation, by providing that an opportunity of amicable adjustment should be first afforded to the county, before she could be charged with the cost of a suit.'' (*McCann* v. *Sierra County*, 7 Cal. 121.) A similar reason was given for the rule requiring a presentation of claims to an executor or administrator. (*Ellissen* v. *Halleck*, 6 Cal. 386.) This reason applies with like force to all claims against a city, however originating.

It is, however, claimed that this provision of the charter is invalid for the reason that the freeholders' charter conflicts with the general law, and is only supreme in ''municipal affairs,'' and that where the provision of the charter was adopted, as here (in 1889), before the amendment of 1906, such provision thereof, if in conflict with the general law, was then invalid because of such conflict, and was not revived by the amendment of 1896 to the constitution, which amendment makes the charter supreme in ''municipal affairs.'' This contention is predicated upon the proposition that by the general law a complaint for damages is a sufficient presentation of a demand against an individual or private corporation. The question involved here, however, is an entirely different one, namely, the method of securing payment of claims against a municipality, an agency of the state. There is no general law upon that subject, but the charter of each municipality prescribes the method for such payment. The charter controls and, as the plaintiff has failed to present his claim for damages within the time provided by the charter, the demurrer was properly sustained.

The judgment is affirmed.

Shaw, J., Olney, J., Angellotti, C. J., Lawlor, J., and Lennon, J., concurred.