**William LAWIN, Respondent,**

v.

**CITY OF LONG PRAIRIE, Appellant.**

No. CX–84–189.

Court of Appeals of Minnesota.

Oct. 9, 1984.

Kirk R. Olson, Long Prairie, for respondent.

Kevin S. Carpenter, St. Cloud, for appellant.

Heard, considered and decided by SEDG-WICK, P.J., and HUSPENI, and NIEREN-GARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal by the City of Long Prairie from a judgment for damages of $10,000 to respondent William Lawin's basement caused by a sewer back-up. Long Prairie contends the trial court erred in denying its motion for a judgment notwithstanding the verdict (JNOV), on the grounds there was insufficient evidence of causation. Long Prairie also claims the trial court erred in admitting estimates of the replacement costs of paneling, carpet, and furniture on the issue of damages sustained from these losses. Lawin petitions for review of the trial court's remittitur from $10,000 to $6,000. We affirm.

## FACTS

Respondent William Lawin was a resident of Long Prairie when the city sewer backed up about 12 inches into his basement, ruining carpeting, paneling, furniture, encyclopedias, clothing, and photographs.

Long Prairie has no regular program to replace or maintain its sewer lines, other than to annually flush the lines. Even when a nursing home and hospital were added to the same line as Lawin, and upstream, so to speak, Long Prairie did not increase the size nor change the system in any fashion.

Investigation revealed the back-up occurred in the city main and not in Lawin's connection to the main. The cause was unknown and the city officials had no advance warning or knowledge that the back-up would occur, other than a similar back-up experienced by a neighbor of Lawin in 1979.

## ISSUES

1. Did the trial court err in denying the city's motion for JNOV because of insufficient evidence of causation?

2. Did the trial court err in admitting replacement cost estimates of damaged paneling, carpet, and furniture?

3. Was remittitur by the trial court proper?

## ANALYSIS

### I

■ Long Prairie claims there was insufficient evidence (in fact, none) to establish that negligent maintenance of its sewage system caused the back-up. This is a close question. The decisive factor rests on the principle that on an appeal from a denial of a motion for JNOV, the evidence must be viewed in the light most favorable to the verdict. The verdict must stand unless "it is manifestly and palpably contrary to the evidence." *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 256 (Minn.1980).

■ In order for Lawin to make a prima facie case of negligence, he must prove that Long Prairie owed him a duty, that there was a breach of that duty, that the breach of duty proximately caused Lawin's damages, and that Lawin did in fact suffer injury. *Hudson v. Snyder Body, Inc.*, 326 N.W.2d 149, 157 (Minn. 1982). While Long Prairie is not an insurer of the safe condition of its sewers, it "is liable for damages resulting from its failure to exercise ordinary or reasonable care to keep them in repair and free from obstructions." *Pettinger v. Village of Winnebago*, 239 Minn. 156, 162, 58 N.W.2d 325, 329 (1953). If a city's lack of maintenance allows pipes to become obstructed, causing a back up of water in a cellar, recovery will be allowed. *Taylor v. City of Austin*, 32 Minn. 247, 20 N.W. 157 (1884).

■ Long Prairie, despite increased usage of its sewer system, continued to service its citizens with an older clay tile which becomes clogged more easily than plastic pipe. There was no plan to replace the sewer lines or change them in any way even though other users, including a nursing home and a hospital, were added to the same line which serviced Lawin. No

screens were installed on the line near the hospital or the nursing home to prevent items from clogging the line below. The only maintenance program was to flush down the system once a year. No maintenance records were kept to evidence an adequate program of sewer maintenance. This conduct, in toto, constituted evidence of negligence and causation sufficient to support the court's refusal to grant JNOV.

Long Prairie maintains something had to be brought to its attention prior to the Lawin back-up that would have placed it on notice of the condition and would have afforded a reasonable opportunity to remedy it. This argument is consistent with *Tate v. City of St. Paul*, 56 Minn. 527, 58 N.W. 158 (1894), wherein the Supreme Court held that where a sewer causes damage to private property, a municipality is liable for the damages sustained after notice of the condition and a reasonable opportunity to remedy it. *Id.* at 530–31, 58 N.W. at 159. Something had been brought to Long Prairie's attention. It was aware that Lawin's neighbor had back-up problems in 1979 but took no action other than to clear the sewer line after the damage occurred to the neighbor.

## II

 Next, Long Prairie contends the trial court erred by admitting estimates of the replacement costs of the paneling, carpeting and furniture on the issue of damages instead of the diminished value of the property or the cost of restoration, whichever is less. Long Prairie is right in the sense that the proper measure of damages for tortious injury to property is the diminution in value resulting from the injury, or the cost of restoration, whichever is less. " 'Compensation is what the law aims to give in such cases.' " *Kopischke v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co.*, 230 Minn. 23, 30, 40 N.W.2d 834, 839 (1950) "[I]n case of tortious injury to personal property market value is the usual test; but when it is not available or is not accurate the value of the property will be determined in some other way." *Hohen-*

*stein v. Dodds*, 215 Minn. 348, 352, 10 N.W.2d 236, 238 (1943).

Here, the court chose another way by instructing the jury that replacement estimates could be used in determining the difference in value or the fair repair cost, since there is little or no market for used paneling, carpeting, and furniture. At the end of the trial, the court again instructed the jury that replacement cost is material only as evidence of the fair market value of the property at the time of the loss. Under the circumstances, the instruction was proper and the admission of replacement estimates did not constitute error.

## III

At trial, Long Prairie made a motion for a new trial on the grounds the verdict was not justified by the evidence. The trial court denied that motion on the condition that Lawin consent to a reduction of the verdict from $10,000 to $6,000. Lawin consented but, upon this appeal, petitioned for review of the remittitur.

"The decision to remit a verdict is for the trial court in the first instance, and its action will not be reversed unless its discretion is improperly exercised." *Kinikin v. Heupel*, 305 N.W.2d 589, 596 (Minn.1981). The evidence of damages sustains the remittitur.

### DECISION

The trial court did not err in denying appellant's motion for JNOV because there was sufficient evidence of negligence to support the verdict. Nor did the trial court err by admitting replacement cost of damaged paneling, carpet and furniture as the best evidence of the diminished value or the fair repair cost of the damaged items. Remittitur by the trial court was proper where the reduced verdict properly reflected damages sustained by appellant.

Affirmed.