Michael JINDRA, et al., Appellants,

v.

The CITY OF ST. ANTHONY,
Respondent.

No. C7–94–2175.

Court of Appeals of Minnesota.

June 27, 1995.

Thomas C. Racette, Harvey H. Eckart, Reinhardt and Anderson, St. Paul, for appellants.

Ellen A. Longfellow, Carla J. Heyl, St. Paul, for respondent.

Considered and decided by AMUNDSON, P.J., PETERSON and STONE,* JJ.

## OPINION

AMUNDSON, Judge.

Appellants Michael and Carol Jindra challenge the district court order granting summary judgment in favor of respondent city of St. Anthony, arguing that the district court erred in granting summary judgment on three causes of action: negligence, nuisance, and a statutory claim based on the Minnesota Environmental Response and Liability Act (MERLA). We affirm in part, reverse in part and remand.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

## FACTS

The Jindras live in a split-level home on Hilldale Avenue in the city of St. Anthony. The city owns and operates the main municipal sanitary sewer line which runs under Hilldale Avenue and connects to the line from Jindras' home.

On September 16, 1992, the Jindras and their children woke up and found the first floor of their home contained raw sewage. The city's sewer line was obstructed and caused the backup into the Jindras' home. The Jindras' home and personal property were damaged.

The sewer line on Hilldale had last been inspected in September 1986. The city's records indicate that a televised inspection at that time revealed the line was stopped and that roots obstructed the camera lens for 200 feet. Roots were obstructing the line at five different intervals. Generally, roots were a main source of trouble for the city's sewer lines—the logs of cleaned lines identified roots as the problem in 88% of troubled areas. The city admitted there was no deposition testimony or documentary evidence that the Hilldale line was cleaned in 1986, and city records do not show a cleaning since 1975. The city did show it has a policy that when obstructions are observed, lines are cleared. The city's maintenance program had a usual cleaning rotation of five to seven years.

Following cross-motions for summary judgment, the district court determined that: (1) the Jindras did not show respondent breached a duty or was given the notice required in a negligence cause of action; (2) strict liability under MERLA did not apply to a discharge of raw sewage; and (3) the Jindras did not establish "wrongful conduct" by the city necessary for a nuisance claim. This appeal followed.

## ISSUES

1. Did the district court err in determining that there was no genuine issue of mate-

art. VI, § 10.

rial fact regarding the Jindra's negligence claim?

2. Did the district court err in determining that strict liability under MERLA does not apply to a discharge of raw sewage?

3. Did the district court err in determining nuisance does not apply in this case?

### ANALYSIS

A motion for summary judgment shall be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

### I. *Negligence*

The Jindras contend that since they have raised genuine issues of material fact relating to the city's negligence, the district court erred when it granted summary judgment. We agree.

■ In order to make a prima facie case of negligence in a sewage backup case, the plaintiff must prove that the defendant owed plaintiff a duty, that there was a breach of that duty, that the breach proximately caused the plaintiff's damages, and that the plaintiff did in fact suffer injury. *See Lawin v. City of Long Prairie,* 355 N.W.2d 764, 766 (Minn.App.1984), *pet. for rev. denied.* (Minn. Feb. 5, 1985). The municipality is liable for the damages sustained after it has notice of the condition and a reasonable opportunity to remedy it. *Id.* While a municipality is not an insurer of the safe condition of its sewers, it

'is liable for damages resulting from its failure to exercise ordinary or reasonable care to keep them in repair and free from obstructions.'

*Id.* at 766 (quoting *Pettinger v. Village of Winnebago,* 239 Minn. 156, 162, 58 N.W.2d 325, 329 (1953)). If a city's lack of maintenance allows pipes to become obstructed,

thereby causing a backup of water in a cellar, recovery will be allowed. *Lawin,* 355 N.W.2d at 766.

In *Lawin,* the city continued to service its residents with an older clay tile which became clogged more easily than plastic pipe, despite increased usage of its sewer system. *Id.* The city had no plan to replace the sewer lines even though a hospital and nursing home were added to the line, and its maintenance plan consisted solely of flushing down the system once a year. *Id.* at 766–67. The supreme court held that the conduct constituted evidence of negligence and causation sufficient to support the district court's refusal to grant judgment notwithstanding the verdict. *Id.* at 767.

■ In this case, the district court granted summary judgment in favor of the city, concluding the Jindras had not raised a genuine issue of material fact showing the city breached a duty or had notice. There is a dispute regarding the date of the most recent cleaning prior to the backup. The Jindras presented the city's inspection records that the line was cleaned in 1975. The records showed that in 1986 the Hilldale sewer line was stopped up with root obstructions at five intervals. The records did not indicate that the roots were ever cleaned when the 1986 obstruction was found. The Jindras seek an inference from the lack of such a record that the cleaning did not occur. The city admitted at oral argument that the only evidence of a cleaning in 1986 was the deposition testimony of the public works director that the city has a policy to clear obstructions when they are observed.

The Jindras also argue that the city's maintenance program was inadequate. The Jindras point to the city's admission that it does not flush the sewage lines unless a problem with flow is visually detected from a manhole inspection. The Jindras argue reliance on these visual inspections before flushing is not reasonable. A city employee testified at a deposition that when the Hilldale line was visually inspected to find the obstruction causing the backup into the Jindras' home, no blockage was even detected. The Jindras contend visual inspections are

not reasonable maintenance since that type of viewing of the sewer line will not detect some severe obstructions such as occurred in this case.

■ In viewing the evidence in a light most favorable to the Jindras, we conclude they have alleged sufficient facts showing a breach of duty to defeat a summary judgment motion. The Jindras argue that the city breached its duty of ordinary or reasonable care to keep the sewer in repair and free from obstruction by specifically failing to clean the roots obstructing the sewer line in 1986 or generally because the city's maintenance program was inadequate, like in *Lawin*. Generally, whether a party failed to use reasonable care is a jury question. *Jack Frost, Inc. v. Engineered Bldg. Components Co.*, 304 N.W.2d 346, 350 (Minn.1981). The district court erred when it granted the city's motion for summary judgment of the negligence claim on the basis that the Jindras did not show breach of duty.

■ The district court also held that no evidence was presented showing that the city had notice. Notice of a defect in a sewer can be actual or constructive. *Pettinger*, 239 Minn. at 163, 58 N.W.2d at 329. Constructive notice arises when a condition has existed for such a period of time that a municipality in the use of reasonable care should have discovered the condition. *See Larson v. Township of New Haven*, 282 Minn. 447, 453, 165 N.W.2d 543, 547 (1969).

■ In this case, the Jindras presented evidence from a 1986 camera inspection that the sewer line was blocked with roots which obstructed the camera lens for 200 feet. Further, the city's maintenance records did not indicate that these roots were ever cleared. The Jindras contend the city knew that roots were a major source of trouble because the city's logs showed that 88% of entries noting trouble indicated that the trouble was caused by roots.

Again, viewing the evidence favorably to the Jindras, we conclude they have alleged sufficient evidence of notice to defeat a summary judgment motion. The documentation supports an inference that the city knew or should have known of the obstruction be-

cause: (1) the 1986 inspection revealed five instances of root blockage on the Hilldale line; (2) roots are a major cause of obstruction in the sewer line; and (3) the line has not been cleaned since at least 1986 and possibly since 1975. The question of whether a municipality has received constructive notice of a defective condition usually is considered a matter for the jury. *Id.* at 452, 165 N.W.2d at 546. Thus we conclude that the district court erred by granting the city's motion for summary judgment on the negligence claim.

## II. *MERLA*

■ The Jindras argue that the district court erred when it interpreted MERLA as not applying strict liability to the discharge of raw, untreated sewage from the city's main pipe into the Jindras' home. The Jindras contend that raw sewage is a "hazardous substance," the discharge of which MERLA prohibits, and that therefore the city is subject to strict liability. We disagree.

Under MERLA, any person who is responsible for the release of a "hazardous substance" from a facility is strictly liable for the damages. Minn.Stat. § 115B.05, subd. 1 (1992). MERLA provides that a "hazardous substance" is: (a) any commercial chemical designated by the Federal Water Pollution Control Act; (b) any hazardous air pollutant listed pursuant to the Clean Air Act; and (c)"[a]ny hazardous waste." Minn.Stat. § 115B.02, subd. 8 A "hazardous waste" is

(a) *Any hazardous waste as defined in section 116.06, subdivision 11, and any substance identified as a hazardous waste pursuant to rules adopted by the agency under section 116.07;* and

(b) Any hazardous waste as defined in the Resource Conservation and Recovery Act [ (RCRA) ], under United States Code title 42, section 6903, which is listed or has the characteristics identified under United States Code, title 42, section 6921, not including any hazardous waste the regulation of which has been suspended by act of Congress.

Minn.Stat. § 115B.02, subd. 9 (emphasis added). Under the chapter regarding the Pollu-

tion Control Agency, "hazardous waste" is defined as

> any refuse, sludge, or other waste material or combinations of refuse, sludge or other waste materials in solid, semi-solid, liquid, or contained gaseous form which because of its quantity, concentration, or chemical, physical, or infectious characteristics may (a) cause or significantly contribute to an increase in mortality or an increase in serious irreversible, or incapacitating reversible illness; or (b) pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed. Categories of hazardous waste materials include, but are not limited to: explosives, flammables, oxidizers, poisons, irritants, and corrosives. Hazardous waste does not include source, special nuclear, or by-product material as defined by the Atomic Energy Act.

Minn.Stat. § 116.06, subd. 11 (1992). Pursuant to rules created by the Pollution Control Agency, "sewage and any mixture of untreated sanitary sewage and other wastes" is exempted from hazardous waste regulations regarding storage, labeling, transportation, treatment, processing and disposal. Minn.R. 7045.0120, subp. 1B (Supp.1992). A waste which is not excluded from regulation as a hazardous waste under rule 7045.0120 is a hazardous waste if it exhibits "ignitability, corrosivity, reactivity, toxicity, lethality, or is an oxidizer." Minn.R. 7045.0131, subp. 1.

The Jindras do not contend raw sewage is a hazardous waste under the RCRA. See Minn.Stat. § 115B.02, subd. 9(b). Thus the question is whether raw sewage is a "hazardous waste" under section 115B.02, subdivision 9(a). The Jindras argue that a substance can be classified as a "hazardous waste" under section 115B.02, subdivision 9(a) if (1) it meets the section 116.06, subd. 11 definition, *or* (2) it is so identified by agency rules. We disagree. The statute uses the conjunctive "and." Thus, we conclude that, to be classified as a hazardous waste under section 115B.02 subdivision 9(a), the substance must (1) meet the section 116.06 subdivision 11 definition, *and* (2) be so identified by agency rules.

Under Minn.R. 7045.0120, sewage is excluded from hazardous waste regulation, and rule 7045.0130 provides that hazardous waste includes only those wastes *not* excluded from regulation which in addition exhibit certain characteristics. Raw sewage, however, is excluded from regulation. Thus, because raw sewage is not identified by agency rules as a hazardous waste, it is not a hazardous waste under MERLA. Therefore, we conclude the district court did not err in granting the city's motion for summary judgment or the MERLA claim.

### III. *Nuisance*

The Jindras contend that the district court erred when it ruled that nuisance did not apply in this case. We disagree and affirm the district court's order granting summary judgment in favor of the city on the nuisance cause of action.

### DECISION

The district court erred in granting summary judgment in favor of the city on the negligence claim because the Jindras have raised a genuine issue of material fact regarding whether the city failed to exercise care to keep the sewer in repair and free from obstructions. The district court did not err in granting summary judgment on the MERLA cause of action because raw sewage is not a "hazardous waste." Finally, the district court did not err in granting summary judgment on the nuisance claim.

**Affirmed in part, reversed in part and remanded.**