**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Alberta Major, Petitioner,

v.

City of Hartsville, Respondent.

Appellate Case No. 2012-212740

_____

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

_____

Appeal From Darlington County
The Honorable Paul M. Burch, Circuit Court Judge

_____

Opinion No. 27446
Submitted September 10, 2014 – Filed September 17, 2014

_____

**REVERSED**

_____

Michael T. Miller, of Smith Haughey Rice & Roegge,
PC, of Ann Arbor, MI for Petitioner.

William Bailey Woods, of Richardson Plowden &
Robinson, PA, of Columbia, for Respondent.

_____

**PER CURIAM:** This matter is before this Court by way of a petition for a writ of certiorari seeking review of the Court of Appeals' decision in <u>Major v. City of Hartsville</u>, 398 S.C. 257, 728 S.E.2d 52 (Ct. App. 2012). We grant the petition for a writ of certiorari, dispense with further briefing, and reverse the decision of the Court of Appeals.

Petitioner fell and sustained an ankle injury while walking across an unpaved area of an intersection, which was owned and maintained by respondent. Petitioner asserted her injury was a result of a rut in the ground created by vehicles frequently driving over the unpaved area. Petitioner brought suit against respondent alleging negligence, gross negligence, and willful and wanton conduct.

Prior to trial, respondent filed a motion for summary judgment contending it was not liable under the South Carolina Torts Claims Act (SCTCA)[1] because it was not on notice of any rut at the location where petitioner allegedly sustained her injury. At the summary judgment hearing, petitioner presented testimony that respondent was aware drivers often cut the corner at the intersection where the unpaved area was located, leaving ruts. Testimony established that in the past, respondent had a procedure for correcting the issue by filling the ruts with sand or clay. However, further testimony revealed that prior to petitioner's injury, respondent ceased efforts to correct the issue since, according to an employee of respondent, "it was a fruitless effort because a few days later . . . it was right back to the same condition."

The trial judge granted summary judgment in favor of respondent, finding respondent's knowledge of vehicles cutting the unpaved corner at the intersection did not create a continual condition and did not place respondent on constructive notice of the actual rut.

The Court of Appeals affirmed, referring to the SCTCA and finding although petitioner presented evidence that respondent had notice of circumstances it knew

---

[1] S.C. Code Ann. § 15-78-60(15) (2005), which states:

> Governmental entities responsible for maintaining highways, roads, streets, causeways, bridges, or other public ways are not liable for loss arising out of a defect or a condition in, on, under, or overhanging a highway, road, street, causeway, bridge, or other public way caused by a third party unless the defect or condition is not corrected by the particular governmental entity responsible for the maintenance within a reasonable time after actual or constructive notice.

would eventually lead to a rut, there was no evidence respondent had notice of the specific rut petitioner alleged caused her injury. The Court of Appeals further found there was no continual condition sufficient to establish constructive notice and impute liability to respondent.

Constructive notice is a legal inference, which substitutes for actual notice. Strother v. Lexington Cnty. Recreation Comm'n, 332 S.C. 54, 504 S.E.2d 117 (1998). "Constructive notice arises when a condition has existed for such a period of time that a municipality in the use of reasonable care should have discovered the condition." Fickling v. City of Charleston, 372 S.C. 597, 609-10 n.34, 643 S.E.2d 110, 117 n.34 (Ct. App. 2007) (quoting Jindra v. City of St. Anthony, 533 N.W.2d 641 (Minn. Ct. App. 1995)). Where a recurring condition is of such a nature as to amount to a continual condition, when coupled with other factors, the recurring condition may be sufficient to create a jury issue as to constructive notice. Fickling, 372 S.C. at 601 n.37, 643 S.E.2d at 117 n.37 (citing Wintersteen v. Food Lion, Inc., 344 S.C. 32, 542 S.E.2d 728 (2001)); see also Henderson v. St. Francis Cmty. Hosp., 303 S.C. 177, 399 S.E.2d 767 (1990) (finding JNOV improper where evidence was presented that debris from trees created a maintenance problem and the defendant failed to use a regular maintenance program to remedy the issue); Pinckney v. Winn-Dixie Stores, Inc., 311 S.C. 1, 426 S.E.2d 327 (Ct. App. 1992) (holding the defendant was not entitled to a directed verdict where there was evidence a jury might have inferred the store manager had knowledge of a potential hazard created by the recurring condition of fallen leaves on the floor in the area near a poinsettia display, and the manager failed to remedy the issue or put up a warning sign).

Based on the testimony presented at the summary judgment hearing, we find a genuine issue of material fact exists as to whether respondent should be charged with constructive notice on the basis that the rut existed for such a period of time that respondent, in the use of reasonable care, should have discovered it.[2] We further find that a genuine issue of material fact exists as to whether the recurring

---

[2] We note the record is unclear as to when respondents last filled the rut prior to petitioner's injury or when respondents last checked-on the area to ensure a defect had not arisen. However, respondent permanently corrected the issue by extending the sidewalk to the intersection after petitioner filed this lawsuit.

nature of the defect created a continual condition giving rise to constructive notice. We therefore reverse the Court of Appeals' opinion affirming the grant of summary judgment to respondent.

**REVERSED**

**TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur. HEARN, J., not participating.**