**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tavarious Settles, Appellant.

Appellate Case No. 2015-000980

---

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

---

Opinion No. 2018-UP-214
Heard December 11, 2017 – Filed May 23, 2018

---

**AFFIRMED**

---

John William Roberts, of Willoughby & Hoefer, PA, and Chief Appellate Defender Robert Michael Dudek, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Caroline M. Scrantom, all of Columbia, and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

**PER CURIAM:** Tavarious Settles appeals his convictions and sentences for murder and possession of a firearm or knife during the commission of a crime. He argues the trial court erred in denying his motion to suppress his statement. He asserts the statement was not voluntary because it was obtained outside the presence of a guardian or attorney and he was not allowed to make a phone call. Further, Settles contends the trial court erred in refusing to conduct an individualized and meaningful sentencing hearing required for youths under the age of eighteen as he was seventeen at the time of the crime. Last, Settles maintains the trial court erred in refusing to allow the testimony of mitigation experts. We affirm.

1. The trial court did not abuse its discretion in denying Settles's motion to suppress his statement. *See State v. Arrowood*, 375 S.C. 359, 365, 652 S.E.2d 438, 441 (Ct. App. 2007) ("Factual conclusions as to the voluntariness of a statement will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."). The trial court found under the totality of the circumstances the statement was voluntary, and the evidence in the record supports the trial court's ruling. *See North Carolina v. Butler*, 441 U.S. 369, 372-76 (1979) (holding if a suspect effectively waives his or her right to counsel after receiving the *Miranda*[1] warnings, law enforcement officers are free to question him); *State v. Saltz,* 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) ("When reviewing a trial court's ruling concerning voluntariness, this [c]ourt does not reevaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial court's ruling is supported by any evidence."); *State v. Moses*, 390 S.C. 502, 513, 702 S.E.2d 395, 401 (Ct. App. 2010) (holding that in order for a waiver to be valid, "(1) the waiver must be 'voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception' and (2) the waiver must be 'made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it'" (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986))).

2. Additionally, the trial court did not err in sentencing Settles without conducting an individualized and meaningful sentencing hearing. "*Miller* [*v. Alabama*, 567 U.S. 460 (2012),] requires that before a life without parole sentence is imposed upon a juvenile offender, he must receive an individualized hearing where the mitigating hallmark features of youth are fully explored." *Aiken v. Byars*, 410 S.C.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

534, 545, 765 S.E.2d 572, 578 (2014).  Our supreme court has specifically declined the "invitation to set out a specific process for trial court judges to follow when considering whether to sentence a juvenile to life without parole."  *Id.* at 545 n.10, 765 S.E.2d at 578 n.10.  Specifically, the court found, "The United States Supreme Court did not establish a definite resentencing procedure and we likewise see no reason to do so.  We have the utmost confidence in our trial judges to weigh the factors discussed herein and to sentence juveniles in light of this new constitutional jurisprudence."  *Id.*  *Aiken* held that a separate, individualized sentencing hearing is necessary before a life sentence without the possibility of parole is imposed upon a juvenile offender.  *See id* at 545, 765 S.E.2d at 578.  In this case, the trial court sentenced Settles to forty years' imprisonment.  Because the trial court did not impose a life sentence without the possibility of parole, *Aiken* does not apply to Settles's case and a separate sentencing hearing was not required.  Further, the trial court considered mitigating factors presented by both parties.  At sentencing, the trial court ruled it would conduct the sentencing hearing by taking testimonials from any person the defense put forward to further Settles's mitigation case.  Therefore, we find the trial court did not commit reversible error.  *See State v. White*, 371 S.C. 439, 447, 639 S.E.2d 160, 164 (Ct. App. 2006) ("[O]ur appellate courts have consistently held that a trial court should only be reversed when an error is prejudicial and not harmless.").

3.  Further, the trial court did not abuse its discretion by refusing to appoint mitigation specialists because the court did not believe it was necessary for sentencing.  *See State v. Matthews*, 291 S.C. 339, 345, 353 S.E.2d 444, 448 (1986) ("Authorization for expenditure of funds for expert witnesses is addressed to the sound discretion of the trial judge and will not be disturbed absent an abuse of that discretion.").

4.  Settles also argues the trial court erred in denying his motion to suppress his statement because he was not allowed to make a phone call until after his interview.  Settles provided no law in his brief to support the conclusion he had the right to make a phone call before his interview.  Therefore, we deem this argument abandoned.  *See Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("Short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").  In response to Settles's argument Detective Collins misrepresented Settles's right to make a phone call, the trial court ruled the testimony was conflicting and Detective

Collins's testimony that Settles was offered the opportunity to make a phone call and declined to do so was more credible than Settles's. *See State v. Miller*, 375 S.C. 370, 387, 652 S.E.2d 444, 453 (Ct. App. 2007) (finding that in a *Jackson v. Denno*[2] hearing, the circuit court has the opportunity to listen to the testimony, assess the demeanor and credibility of all witnesses, and weigh the evidence accordingly). Accordingly, we find no abuse of discretion. *See Arrowood*, 375 S.C. at 366, 652 S.E.2d at 442 ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion that is without evidentiary support.").

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] *Jackson v. Denno*, 378 U.S. 368 (1964).