**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jerry Pressley, Appellant,

v.

The South Carolina Department of Transportation, Respondent.

Appellate Case No. 2018-001093

_____

Appeal From Williamsburg County
George M. McFaddin, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2020-UP-187
Submitted May 1, 2020 – Filed June 17, 2020

_____

**AFFIRMED**

_____

Raymond Carl Fischer and William Stuart Duncan, both of Law Offices of William Stuart Duncan, PA, of Georgetown, for Appellant.

William Grayson Lambert, of Burr & Forman, LLP, of Columbia, for Respondent.

_____

**PER CURIAM:** Jerry Pressley appeals the circuit court's grant of summary judgment to the South Carolina Department of Transportation (SCDOT). The circuit court determined SCDOT was entitled to immunity under the South

Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2019), because (1) SCDOT lacked actual or constructive notice under section 15-78-60(15) and (2) the washout was a temporary or natural condition due to weather under section 15-78-60(8).  On appeal, Pressley argues the circuit court erred in (1) finding SCDOT did not have actual or constructive notice of the washout and (2) finding the washout was a natural or temporary condition.  We affirm.

1. The circuit court did not err in granting summary judgment to SCDOT because SCDOT did not have actual or constructive notice, and thus was entitled to immunity under section 15-78-60(15).  *See S. Glass & Plastics Co., Inc. v. Kemper*, 399 S.C. 483, 490, 732 S.E.2d 205, 208-09 (Ct. App. 2012) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* at 490, 732 S.E.2d at 209 ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); § 15-78-60(15) (providing immunity to entities of the state government "responsible for maintaining highways, roads, streets, causeways, bridges, or other public ways" when loss results from a "defect or . . . condition in, on, under, or overhanging a highway, road, street, causeway, bridge, or other public way caused by a third party" provided "the defect or condition is . . . corrected by the particular governmental entity responsible for the maintenance within a reasonable time after actual or constructive notice"); *Spence v. Spence*, 368 S.C. 106, 118, 628 S.E.2d 869, 875 (2006) ("Generally, actual notice is synonymous with knowledge." (quoting *Strother v. Lexington County Recreation Commn.*, 332 S.C. 54, 64 n.6, 504 S.E.2d 117, 122 n.6 (1998))); *Major v. City of Hartsville*, 410 S.C. 1, 3-4, 763 S.E.2d 348, 350 (2014) (explaining constructive notice in the context of public entities and personal injury cases arises "when a condition has existed for such a period of time that a [public entity] in the use of reasonable care should have discovered the condition" (quoting *Fickling v. City of Charleston*, 372 S.C. 597, 609-10 n.34, 643 S.E.2d 110, 117 n.34 (Ct. App. 2007))).

2.  The circuit court did not err in granting summary judgment to SCDOT because SCDOT was entitled to immunity under section 15-78-60(8) of the South Carolina Code.  *See S. Glass & Plastics Co., Inc.*, 399 S.C. at 490, 732 S.E.2d at 208-09 ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary

judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* at 490, 732 S.E2d at 209 ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); § 15-78-60(8) (explaining a state entity is immune from suit when the plaintiff's loss is caused by "snow or ice conditions or *temporary or natural conditions* on any public way or other public place due to weather conditions unless the snow or ice thereon is affirmatively caused by a negligent act of the employee" (emphasis added)); *Lightner v. Hampton Hall Club, Inc.*, 419 S.C. 357, 363, 798 S.E.2d 555, 558 (2017) ("The cardinal rule of statutory interpretation is to ascertain and effectuate the legislative intent whenever possible." (quoting *Mitchell v. City of Greenville*, 411 S.C. 632, 634, 770 S.E.2d 391, 392 (2015))); *Nexsen v. Ward*, 96 S.C. 313, 80 S.E. 599, 601 (1914) ("The rule sustained by all the courts requires that every word, clause, and sentence must be given some meaning, force, and effect, if it can be done by any reasonable construction."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute."); *id.* ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.