662 S.E.2d 587

**Clay DRUMMOND, individually and on behalf of a class of others similarly situated, designated as Diabetic Products Purchasers Class [DPPC], Appellant,**

v.

**STATE of South Carolina, and South Carolina DEPARTMENT OF REVENUE, Respondents.**

No. 26498.

Supreme Court of South Carolina.

Heard April 16, 2008.

Decided June 2, 2008.

⚷119

Donald E. Jonas, of Cotty & Jonas, of Columbia; Gary W. Poliakoff, of Poliakoff & Assoc., PA, of Spartanburg; Gregory M. Alford, of Alford & Wilkins, PC, of Hilton Head Island; and C. Bruce Littlejohn, of Spartanburg, for appellant.

Ronald W. Urban and Milton G. Kimpson, of South Carolina Department of Revenue; and John J. Pringle, Jr. and John Thomas Lay, both of Ellis Lawhorne & Sims, PA, of Columbia, for respondent.

Justice MOORE.

Appellant commenced this action as the representative of a putative class of persons denied a state sales tax exemption for diabetic supplies under S.C.Code Ann. § 12–36–2120(28)(b) (Supp.2007). The trial court granted summary judgment against appellant on his cause of action under the South Carolina Taxpayers' Bill of Rights and dismissed the remaining causes of action for failure to exhaust administrative remedies as provided in the Revenue Procedures Act. We affirm in part, reverse in part, and remand.

## FACTS

Section 12–36–2120(28)(b) provides an exemption from sales tax for:

hypodermic needles, insulin, alcohol swabs, blood sugar testing strips, monolet lancets, dextrometer supplies, blood glucose meters, and other similar diabetic supplies *sold to diabetics under the authorization and direction of a physician.*

(emphasis added). Appellant contends respondent South Carolina Department of Revenue (Department) improperly promulgated regulations that do not conform to § 12–36–2120(28)(b) because the regulations allow the sales tax exemption only for diabetic supplies sold pursuant to a prescription or written authorization, which appellant claims is not required under the statute.

The first regulation challenged is the former version of 27 S.C. Reg. 117–174.257 which read:

Medicines, prosthetic devices and hypodermic needles, insulin, alcohol swabs and blood sugar testing strips sold to diabetics to be exempted from the tax *must be sold on prescription, in writing,* by a medical doctor, a dentist, an osteopath or a chiropodist.

(emphasis added). Although the regulation required a "prescription," in practice Department required only some form of written medical authorization to support the claimed sales tax exemption. The regulation was subsequently changed to conform to this practice and effective June 2001 was amended to provide:

Hypodermic needles, insulin, alcohol swabs, blood sugar testing strips, monolet lancets, dextrometer supplies, blood glucose meters, and other similar diabetic supplies sold to diabetics are only exempt if sold pursuant to the *written authorization and direction of a physician.*

(emphasis added). Finally, the regulation was recodified as 27 S.C. Reg. 117–332 with no change in substance.

Appellant sought damages from Department's promulgation of these regulations and alleged several causes of action including a violation of S.C.Code Ann. § 12–58–170 (2000), which was formerly part of the South Carolina Taxpayers' Bill of Rights.[1] This section provided:

(A) If any employee of the department *wilfully, recklessly, and intentionally disregards department published procedures,* a taxpayer aggrieved by that action may bring an action for damages against the State of South Carolina in Circuit Court but not against any state employee.

(B) In action (*sic*) brought under subsection (A), upon a finding of liability on the part of the State of South Carolina, the State is liable to the plaintiff in an amount equal to the sum of actual and direct monetary damages sustained by the plaintiff as a result of the actions or omissions.

(emphasis added). The trial court found this section did not apply to Department's promulgation of regulations and granted Department's motion for summary judgment. Further, the trial court dismissed appellant's causes of action seeking disgorgement of tax revenue on the ground appellant had failed to exhaust administrative remedies as provided by the Revenue Procedures Act.

## ISSUES

1. Was appellant's cause of action under § 12–58–170 properly dismissed?

2. Was injunctive or mandamus relief properly denied?

---

1. This section was repealed effective June 9, 2005, after this action was filed.

3. Must appellant exhaust administrative remedies under the Revenue Procedures Act?

4. Should a declaratory judgment action be allowed under § 1–23–150?

## DISCUSSION

### 1. Section 12–58–170

■ As noted above, Section 12–58–170 provided in pertinent part that a taxpayer could bring a cause of action for damages when an employee of Department "wilfully, recklessly, and intentionally disregards department published procedures." Appellant contends Department wilfully, recklessly, and intentionally disregarded the diabetic supplies sales tax exemption statute, § 12–36–2120(28)(b), when Department promulgated its regulations.

The trial court ruled that appellant's complaint failed to state a cause of action under § 12–58–170 because this section specifically refers to "disregard[ing] department published procedures" which does not include the alleged disregard of a statute. We agree.

Until repealed, § 12–58–170 was part of Chapter 58, Title 12, entitled the South Carolina Taxpayers' Bill of Rights. This chapter deals with Department's treatment of taxpayers in the context of taxpayer complaints (§ 12–58–30), tax information and education (§ 12–58–50 & –60), collection of taxes (§ 12–58–70, –90, –100, –110), and liens (§ 12–58–120 through –160). A plain reading of § 12–58–170 supports the trial court's ruling. *See Buist v. Huggins,* 367 S.C. 268, 625 S.E.2d 636 (2006) (words of a statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation). Statutes, which are enacted by the General Assembly, are not published by Department; nor do statewide statutes qualify as "department procedures." Department procedures are essentially Department's directives to its employees regarding internal procedures.

Further, we find the trial court properly ruled that the promulgation of a regulation cannot be accomplished by the willful, reckless, or intentional act of a Department employee.

As provided by statute, regulations are promulgated only upon notice and public hearing, then submitted to the General Assembly for review and approval before enactment by the legislature. S.C.Code Ann. §§ 1–23–110–120 (2005 & Supp. 2007).

Finally, appellant alleges Department employees violated Department published procedures regarding the promulgation of regulations. The subject of the procedures referenced by appellant includes the dissemination of policy documents to the public and the use of various documents such as revenue rulings, revenue procedures, private letter rulings, technical advice memoranda, and information letters. The trial court correctly concluded appellant has shown no violation of a Department procedure to support a cause of action under § 12–58–170.

## 2. Injunction or mandamus relief

■ The trial court denied appellant's request for injunctive or mandamus relief to enjoin the collection of sales tax on diabetic supplies. The court relied on the Revenue Procedures Act, S.C.Code Ann. § 12–60–60 (Supp.2007), which provides:

An action of a court or administrative law judge cannot stay or prevent the department or an officer of the State charged with a duty in the collection of taxes, from acting to collect a tax, whether or not the tax is legally due.

This section plainly provides that a court may not enjoin the collection of taxes. Accordingly, the trial court properly refused injunctive or mandamus relief as provided in § 12–60–60.

## 3. Failure to exhaust administrative remedies

■ Appellant's complaint includes causes of action for unjust enrichment and breach of constructive trust. He contends these are equitable causes of action that should not have been dismissed for failure to pursue administrative remedies under the Revenue Procedures Act. Because the relief sought in these causes of action is a disgorgement of tax monies collected, they are governed by the Revenue Procedures Act and are limited to the remedies provided therein as stated in S.C.Code Ann. § 12–60–80 (2005):

(A) Except as provided in subsection (B),[2] there is no remedy other than those provided in this chapter in any case involving the illegal or wrongful collection of taxes, or attempt to collect taxes.

The trial court properly ruled that these causes of action are governed by the Revenue Procedures Act.

### 4. Declaratory judgment under § 1–23–150

■ Appellant's fifth cause of action is a request for a declaratory judgment that S.C. Reg. 117–332 exceeds Department's authority. Appellant contends it was error to dismiss this cause of action for failure to exhaust administrative remedies under the Revenue Procedures Act. We agree.

Section § 1–23–150 (2005) provides:

**§ 1–23–150. Appeals contesting authority of agency to promulgate regulation.**

(a) Any person may petition an agency in writing for a declaratory ruling as to the applicability of any regulation of the agency or the authority of the agency to promulgate a particular regulation. The agency shall, within thirty days after receipt of such petition, issue a declaratory ruling thereon.[3]

(b) After compliance with the provisions of paragraph (a) of this section, any person affected by the provisions of any regulation of an agency may petition the Circuit Court for a declaratory judgment and/or injunctive relief if it is alleged that the regulation or its threatened application interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff or that the regulation exceeds the regulatory authority of the agency. The agency shall be made a party to the action.

---

2. (B) Notwithstanding subsection (A), an action for a declaratory judgment where the sole issue is whether a statute is constitutional may be brought in circuit court. This exception does not include a claim that the statute is unconstitutional as applied to a person or a limited class or classes of persons.

3. Appellant states he amended his complaint to allege this cause of action under § 1–23–150 after Department declined to "repeal" the regulation. It is clear from Department's opposition to this lawsuit that Department takes the position that the regulation is valid.

The trial court ruled the Revenue Procedures Act, rather than this section, applies because the Revenue Procedures Act is a more specific and more recently enacted law. *See Langley v. Pierce*, 313 S.C. 401, 438 S.E.2d 242 (1993) (generally, specific laws prevail over general laws, and later legislation takes precedence over earlier legislation).

■ While it is correct that a more specific statute usually prevails, in this instance we conclude the Revenue Procedures Act, although more specific to cases regarding the collection of taxes, cannot apply because of the limitation on the authority of the Administrative Law Court to rule on the validity of a regulation. As we have stated:

ALJs [4] are an agency of the executive branch of government and must follow the law as written until its constitutionally is judicially determined; ALJs have no authority to pass upon the constitutionality of a statute *or regulation*.

(emphasis added). *Video Gaming Consultants, Inc. v. South Carolina Dep't of Revenue*, 342 S.C. 34, 38, 535 S.E.2d 642, 644 (2000). Although appellant is not challenging the constitutionality of the regulation, he *is* challenging its validity under state law. Because the Administrative Law Court is part of the executive branch, as stated in *Video Gaming*, it has no authority to rule on the facial validity of Reg. 117–332. Appellant therefore may pursue this issue as an action for declaratory judgment in circuit court under § 1–23–150.[5] Therefore, we reverse the trial court's dismissal of appellant's cause of action under § 1–23–150 and remand for a determination on the merits.

---

4. The judges of the Administrative Law Court were formerly referred to as Administrative Law Judges or "ALJ's."

5. We note that § 12–60–80(C), which prohibits a class action, applies not only to administrative law cases but also to tax cases brought in circuit court. This section provides:

Notwithstanding subsections (A) and (B), a claim or action for the refund of taxes may not be brought as a class action in the Administrative Law Judge Division or any court of law in this State, and the department, political subdivisions, or their instrumentalities may not be named or made a defendant in any other class action brought in this State.

Accordingly, this action may not be certified as a class action.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.