# 85THE STATE OF SOUTH CAROLINA
## In The Supreme Court

William C. Mitchell, Petitioner,

v.

City of Greenville, Respondent.

Appellate Case No. 2015-000270

---

Opinion No. 27506
Submitted March 3, 2015 – Filed March 12, 2015

---

## JUDGMENT FOR RESPONDENT

---

Samuel Darryl Harms, III, of Harms Law Firm, P.A., of Greenville, for Petitioner.

Michael Stuart Pitts, of Greenville, for Respondent.

---

**PER CURIAM:**   Petitioner asks this Court to hear this matter seeking declaratory and injunctive relief in our original jurisdiction.  Respondent opposes the request. We grant the petition for original jurisdiction, dispense with further briefing, and grant declaratory relief to respondent.

Petitioner argues respondent has adopted an ordinance that improperly provides for two methods of nomination for municipal elections.  Petitioner asks this Court to declare the ordinance is null and void, and that the method of election will continue to be partisan in the City of Greenville.

South Carolina Code Ann. § 5-15-60 (2004) allows one of the following methods for nominating candidates and determining the results of nonpartisan elections:  (1) the nonpartisan plurality method; (2) the nonpartisan election and run-off method;

and (3) the nonpartisan primary and general election method.

The ordinance challenged by petitioner states:

> . . . [t]he city of Greenville shall cease operating under the partisan method of nominating and electing candidates in municipal elections. The City of Greenville adopts the nonpartisan plurality method as authorized by S.C. Code § 5-15-612 (2004). . . . To achieve this purpose, Chapter 14, "Nominations and elections," of the City of Greenville Code of Ordinances shall be amended to conform with the amended language as set forth on the attached exhibit, which is incorporated herein, with strikes indicating words which are deleted and double underlining indicating added language.

Greenville, SC Code of Ordinances, Ordinance No. 2014-25 (May 12, 2014). The attachment contains the following in Section 14-2: "The ~~methods~~ method of nomination for municipal elections shall be ~~partisan~~ [nonpartisan plurality / nonpartisan run off,] as provided in this chapter and in S.C. Code 1976, § 5-15-10 et seq. and S.C. Code 1976, tit. 7." *Id.*

Petitioner argues that, because the attachment to the ordinance indicates the method to be used is "nonpartisan plurality / nonpartisan run off," and does not choose between the two methods, the ordinance is invalid, and the City must conduct partisan elections. We disagree.

Issues involving the construction of ordinances are reviewed as a matter of law under a broader standard of review than is applied in reviewing issues of fact. *Eagle Container Co., LLC v. Cnty. of Newberry*, 379 S.C. 564, 666 S.E.2d 892 (2008). The cardinal rule of statutory interpretation is to ascertain and effectuate the legislative intent whenever possible. *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 526 S.E.2d 716 (2000). When interpreting an ordinance, legislative intent must prevail if it can be reasonably discovered in the language used. *Charleston Cnty. Parks and Recreation Comm'n v. Somers,* 319 S.C. 65, 459 S.E.2d 841 (1995). An ordinance must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers. *Id.* While the preamble is not a part of the effective portion of a statute, it may supply the guide to the meaning of an act. *State v. Alls*, 330 S.C. 528, 500 S.E.2d 781 (1998), *citing City of Spartanburg v. Leonard*, 180 S.C. 491, 186 S.E. 395 (1936).

Although the attachment appears to avoid selecting a particular method for

nonpartisan elections, the body of the ordinance clearly indicates the City intended to adopt the nonpartisan plurality method. Apparently, the "nonpartisan plurality / nonpartisan run off" set forth the options presented to City Council when it was deciding which method to adopt, and was not corrected when the ordinance was finally adopted. Because the clear legislative intent of the ordinance was to adopt a nonpartisan plurality method of elections, the "nonpartisan run off" option is deleted from the attachment to the ordinance. Accordingly, we enter

**JUDGMENT FOR RESPONDENT.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**