# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Brad Lightner, individually, and on behalf of all others similarly situated, Respondent,

v.

Hampton Hall Club, Inc., State of South Carolina, South Carolina Department of Revenue, Beaufort County and John Doe, Defendants,

of whom State of South Carolina and South Carolina Department of Revenue are, Petitioners.

Appellate Case No. 2015-001952

-----

## ON WRIT OF CERTIORARI

-----

Appeal From Beaufort County
Perry M. Buckner, III, Circuit Court Judge

-----

Opinion No. 27700
Heard May 18, 2016 – Filed February 1, 2017

-----

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

-----

Attorney General Alan M. Wilson and Deputy Solicitor General J. Emory Smith, Jr., both of Columbia, for Petitioner State of South Carolina; Milton G. Kimpson and Tasha B. Thompson, both of Columbia, for Petitioner South Carolina Department of Revenue.

Kathleen C. Barnes, of Barnes Law Firm, LLC; Ronnie L. Crosby and William F. Barnes, III, both of Peters Murdaugh Parker Eltzroth & Detrick, PA, all of Hampton, for Respondent.

---

**CHIEF JUSTICE BEATTY:** Brad Lightner, individually, and on behalf of all others similarly situated, ("Respondent") brought this action against Hampton Hall Club, Inc., the State of South Carolina, the South Carolina Department of Revenue ("SCDOR"), Beaufort County, and John Doe[1] ("Defendants"), alleging Defendants wrongfully collected and retained admissions taxes. After Respondent filed a motion for class certification, the State and the SCDOR ("Petitioners") filed a motion to dismiss pursuant to Rule 12(b)(6), SCRCP, or, in the alternative, to strike pursuant to Rule 12(f), SCRCP, to dismiss the State as a party and to stay discovery. In so moving, Petitioners asserted, *inter alia*, Respondent is required to exhaust the administrative remedies under the South Carolina Revenue Procedures Act[2] ("Act") and is prohibited from proceeding as a class action against the SCDOR.

The circuit court determined the Act is inapplicable to this action because the General Assembly intended to limit the Act's application to disputes with the SCDOR concerning property taxes, which both parties conceded were not at issue. Thus, contrary to Petitioners' assertions, Respondent was not required to exhaust the administrative remedies under the Act in order to proceed *individually* against all Defendants. The court, however, granted Petitioners' motion to dismiss the *class action allegations*, finding the Act, which it determined was inapplicable to this dispute, nevertheless prohibited Respondent from bringing a class action lawsuit against Petitioners. We affirm in part, reverse in part, and remand.

## I. Factual and Procedural History

Hampton Hall Club, Inc. is a nonprofit organization in Beaufort County. Respondent, a member of Hampton Hall, filed this action individually, and on behalf of all others similarly situated against Defendants, alleging Defendants collected and retained an admissions tax on its members' club and golf dues in

---

[1] "John Doe" collectively represents other unknown nonprofit corporations that have wrongfully collected admissions taxes from its members.

[2] S.C. Code Ann. §§ 12-60-10 to -3390 (2014 & Supp. 2015).

contravention of section 12-21-2420(4) of the South Carolina Code, which states, in pertinent part: "[N]o admission tax shall be charged or collected by reason of any charge made to any member of a nonprofit organization or corporation for the use of the facilities of the organization or corporation of which he is a member." S.C. Code Ann. § 12-21-2420(4) (2014).

Respondent asserted three causes of action in his complaint. Against all Defendants, Respondent sought damages under *quantum meruit* and a declaration that Defendants' collection and retention of the admissions tax was unlawful. Against John Doe and Hampton Hall, Respondent also asserted a breach of fiduciary duty claim. In addition, Respondent requested an order enjoining Defendants from continuing to collect and retain the admissions tax.

After Respondent filed a motion for class certification, Petitioners filed a motion to dismiss pursuant to Rule 12(b)(6), SCRCP, or, in the alternative, to strike pursuant to Rule 12(f), SCRCP. Petitioners argued the action against the SCDOR should be dismissed pursuant to Rule 12(b)(6), SCRCP, since: (1) Respondent is required to exhaust the administrative remedies under the Act; and (2) the Act bars Respondent from bringing a class action lawsuit under section 12-60-80(C).[3] In the alternative, Petitioners contended all class action allegations against the SCDOR should be stricken pursuant to Rule 12(f), SCRCP, because of the prohibition on class action lawsuits under section 12-60-80(C). Petitioners also argued Respondent's allegations that he is entitled to injunctive relief to prevent the collection of admissions taxes should be stricken in accordance with section 12-60-

---

[3] Section 12-60-80(C) provides:

> Notwithstanding subsections (A) and (B), a claim or action for the refund of taxes may not be brought as a class action in the Administrative Law Court or any court of law in this State, and the department, political subdivisions, or their instrumentalities may not be named or made a defendant in any other class action brought in this State.

S.C. Code Ann. § 12-60-80(C) (2014).

60.[4]  In addition, Petitioners asserted the State should be dismissed as a party because the SCDOR is responsible for administering and enforcing the tax laws of the State.

In Respondent's memorandum in opposition to Petitioners' motion, Respondent argued the application of the Act is limited to property tax disputes with the SCDOR.  Because this dispute does not concern property taxes, Respondent contended the provisions under the Act concerning the exhaustion of administrative remedies, prohibition of class action lawsuits, and bar on injunctive relief do not apply to this action.  Further, while section 12-4-10 grants the SCDOR the authority "to administer and enforce the revenue laws of this State," Respondent maintained the State is still a proper party to this dispute because the statute does not state or imply the SCDOR is the sole entity with that authority.

After a hearing, the circuit court determined the Act did not apply because its application is limited to disputes with the SCDOR concerning property taxes.  Thus, Respondent was not required to exhaust the administrative remedies under the Act in order to proceed individually against all Defendants.  Nevertheless, relying on this Court's decision in *Drummond v. State*, 378 S.C. 362, 662 S.E.2d 587 (2008),[5] the circuit court granted Petitioners' motion to strike the class action

---

[4]  Section 12-60-60 states:

> An action of a court or an administrative law judge cannot stay or prevent the department or an officer of the State charged with a duty in the collection of taxes, from acting to collect a tax, whether or not the tax is legally due.

*Id*. § 12-60-60 (2014).

[5]  In *Drummond*, plaintiff sought, *inter alia*, a declaratory judgment that the SCDOR exceeded its authority in promulgating a regulation that allegedly did not conform to the statute authorizing a state tax exemption for diabetic supplies. *Drummond*, 378 S.C. at 369, 662 S.E.2d at 590.  This Court recognized that Drummond was in effect challenging the facial validity of the regulation.  In remanding this issue to the circuit court, we held, in this instance, the Act did not apply because the Administrative Law Court ("ALC") does not have the authority "to rule on the validity of a regulation." *Id*. at 370, 662 S.E.2d at 591.  Following our holding on this issue, we stated section "12-60-80(C), which prohibits a class action, applies not only to administrative law cases but also to tax cases brought in

allegations, finding the Act, which it previously determined did not apply to this action, prevented Respondent from proceeding as a class action against the SCDOR.

Following the issuance of the circuit court's order, the SCDOR emailed the court's law clerk and asked for clarification regarding the court's decision on the issue of whether the State is a proper party to the action. The email stated: "There is one matter for clarification: The Order does not specify, but it is the Department's understanding that granting the Department's motion to dismiss is effectively dismissing the State as well - as the Department is acting on behalf of the State. Is this a correct reading of the Order?" The law clerk replied "That was our understanding as well."

Respondent filed a Rule 59(e), SCRCP motion to reconsider, arguing: (1) it is inconsistent to find the Act does not apply to this dispute, yet apply a provision from the Act to prohibit Respondent from proceeding as a class action; (2) *Drummond* does not apply to this action; and (3) the circuit court's order does not have the effect of dismissing a defendant. The circuit court denied Respondent's motion to reconsider. However, in its order denying the motion, the court clarified its initial order, stating:

> Finally, to clear up any confusion from the July 9 Order, the Court finds that the Plaintiffs may proceed as an individual against all Defendants, including the SCDOR and the State of South Carolina, without the necessity of exhausting administrative remedies. The class action allegations against the SCDOR and the State of South Carolina are ordered dismissed.

Respondent subsequently filed a notice of appeal in the Court of Appeals. Shortly thereafter, Petitioners filed a petition for extraordinary relief including a writ of certiorari in this Court, asserting: (1) the circuit court erred in determining the Act is limited to disputes concerning property taxes; (2) Respondent is required to exhaust the administrative remedies under the Act; and (3) the State should be dismissed from this action. By way of return, Respondent argued, *inter alia*, the circuit court erred in applying the class action prohibition under the Act. After this Court granted certiorari, the Court of Appeals dismissed Respondent's appeal on the basis that class certification orders are not immediately appealable. As a result,

---

circuit court. . . . Accordingly, this action may not be certified as a class action." *Id.* at 370 n.5, 662 S.E.2d at 591 n.5.

Respondent filed a petition for certiorari, asking this Court to review both the Court of Appeals' dismissal and the circuit court's dismissal of the class action allegations against Petitioners. That appeal is being held in abeyance until the resolution of this appeal.

## II. Standard of Review

"An issue regarding statutory interpretation is a question of law." *Univ. of S. California v. Moran*, 365 S.C. 270, 274, 617 S.E.2d 135, 137 (Ct. App. 2005). "[T]his Court reviews questions of law de novo." *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008). "The cardinal rule of statutory interpretation is to ascertain and effectuate the legislative intent whenever possible." *Mitchell v. City of Greenville*, 411 S.C. 632, 634, 770 S.E.2d 391, 392 (2015).

## III. Discussion

### A. Whether the Act is limited to disputes with the SCDOR concerning property taxes.

Petitioners contend the circuit court erred in determining the Act is only applicable to disputes with the SCDOR concerning property taxes. We agree.

Section 12-60-20 of the South Carolina Code provides:

It is the intent of the General Assembly to provide the people of this State with a straightforward procedure ***to determine a dispute with the Department of Revenue and a dispute concerning property taxes***. The South Carolina Revenue Procedures Act must be interpreted and construed in accordance with, and in furtherance of, that intent.

S.C. Code Ann. § 12-60-20 (2014) (emphasis added).

In determining the Act only applies to property tax disputes with the SCDOR, the circuit court essentially interpreted the language "a dispute with the Department of Revenue and a dispute concerning property taxes" as "a dispute with the Department of Revenue concerning property taxes." This interpretation, however, renders the words "and a dispute" in the statute meaningless and thereby violates our rules of statutory interpretation. *See In re Decker*, 322 S.C. 215, 219, 471 S.E.2d 462, 463 (1995) ("A statute should be so construed that no word,

clause, sentence, provision or part shall be rendered surplusage, or superfluous." (citation omitted)).

Giving effect to *each* word in the statute, we do not believe the General Assembly intended to limit the application of the Act to property tax disputes with the SCDOR. The plain language of the statute, including the repetition of the terms "a dispute" after the term "and," indicates the General Assembly intended to distinguish "a dispute with the Department of Revenue" from "a dispute concerning property taxes." It does not suggest the General Assembly intended for these two provisions to be combined into one limited category of disputes to which the Act would apply.

Respondent argues this interpretation effectively changes the "and" in the statute to "or." We disagree. By recognizing that the General Assembly intended to distinguish between "a dispute with the Department of Revenue" and "a dispute concerning property taxes," we clarify that the Act applies to disputes with the SCDOR, which may not concern property taxes, *and* to disputes concerning property taxes, which may involve the SCDOR or a county or municipality. Thus, we do not believe the General Assembly intended for the "and" to be interpreted as limiting the Act's application to property tax disputes with the SCDOR. This belief is further supported by a review of the Act as a whole and the statute's legislative history.

### 1. Act as a whole

The Act consists of four articles—1, 5, 9, and 13. S.C. Code Ann. §§ 12-60-10 to -3390 (2014 & Supp. 2015). Article 1 is titled "General Provisions" and includes, *inter alia*, the legislative intent and definitions. *Id*. §§ 12-60-10 to -90 (2014). Article 5 outlines the procedures for filing a claim for a tax refund and for challenging tax assessments. *Id*. §§ 12-60-410 to -920 (2014). Article 5 also outlines the procedures involved in adjudicating disputes concerning the licensing of beer, wine, and liquor. *Id*. §§ 12-60-1310 to -1350 (2014). Article 9 concerns the procedures for resolving state and county property tax disputes. *Id*. §§ 12-60-1710 to -2940 (2014 & Supp. 2015). Article 13 provides the procedures for revenue cases in the ALC. *Id*. §§ 12-60-3310 to -3390 (2014).

It is clear the Act concerns more than property tax disputes with the SCDOR. Therefore, limiting the Act's application to property tax disputes with the SCDOR would effectively render the remaining provisions under the Act concerning, *inter alia*, the adjudication of disputes over the licensing of beer, wine,

and liquor superfluous and meaningless. "This Court will not construe a statute in a way which leads to an absurd result or renders it meaningless." *Florence Cnty. Democratic Party v. Florence Cnty. Republican Party*, 398 S.C. 124, 128, 727 S.E.2d 418, 420 (2012).

### 2.  Legislative history[6]

In the preamble of the 2007 Act that amended the statute to its current form, the General Assembly explained it intended "***to include disputes concerning property taxes***."  Act No. 110, 2007 S.C. Acts 557, 561-62 (emphasis added); Act No. 116, 2007 S.C. Acts 688, 694 (emphasis added).  This Court has stated that "[w]hile the preamble is not a part of the effective portion of a statute, it may supply the guide to the meaning of an act." *Mitchell v. City of Greenville*, 411 S.C. 632, 634, 770 S.E.2d 391, 392 (2015).  By stating its intent was "to include disputes concerning property taxes," we do not believe the General Assembly intended to *limit* the Act's application to property tax disputes with the SCDOR.

For these reasons, we find the circuit court erred in determining the Act is limited to property tax disputes with the SCDOR.

### B. Whether Respondent is required to exhaust the administrative remedies under the Act.

Petitioners assert the circuit court erred in finding Respondent was not required to exhaust the administrative remedies under the Act.  We agree.

---

[6]  The General Assembly enacted the Act in 1995.  At that time, the legislative intent under section 12-60-20 read, in pertinent part, "to provide the people of this State with a straightforward procedure to determine *any disputed revenue liability*." Act No. 60, 1995 S.C. Acts 362, 367 (emphasis added).  In 2000, the General Assembly amended the legislative intent to "to provide the people of this State with a straightforward procedure to determine *any dispute with the Department of Revenue.*"  Act No. 399, 2000 S.C. Acts 3432, 3461 (emphasis added).  In 2007, the General Assembly amended section 12-60-20 to its current form "to provide the people of this State with a straightforward procedure to determine *a dispute with the Department of Revenue and a dispute concerning property taxes*."  Act No. 110, 2007 S.C. Acts 557, 583 (emphasis added); Act No. 116, 2007 S.C. Acts 688, 730 (emphasis added).

Section 12-60-80 provides, in relevant part:

(A) Except as provided in subsection (B), ***there is no remedy other than those provided in this chapter in any case involving the illegal or wrongful collection of taxes, or attempt to collect taxes***.

(B) Notwithstanding subsection (A), an action for a declaratory judgment where the sole issue is whether a statute is constitutional may be brought in circuit court. This exception does not include a claim that the statute is unconstitutional as applied to a person or a limited class or classes of persons.

S.C. Code Ann. § 12-60-80 (2014) (emphasis added).

The term "tax" is defined under the Act as "taxes, licenses, permits, fees, or other amounts, including interest, regulatory and other penalties, and civil fines, imposed by this title, or subject to assessment or collection by the department." *Id.* § 12-60-30(27) (2014). The admissions tax at issue here is a "tax" as defined under the Act because it is a tax subject to the assessment or collection by the SCDOR.[7] Therefore, because this action does not challenge the constitutionality of a statute, but rather the wrongful collection of taxes, Respondent is limited to the administrative remedies available under the Act.

Accordingly, the circuit court's decision on this issue is reversed and the action is remanded for the circuit court to dismiss the case without prejudice. *See id.* § 12-60-3390 (2014) ("If a taxpayer brings an action covered by this chapter in circuit court, the circuit court shall dismiss the case without prejudice.").

## C. Whether Respondent is prohibited from proceeding as a class action.

As an initial matter, Petitioners contend Respondent's argument as to whether the circuit court erred in applying the class action prohibition under the Act is not properly before this Court because the issue was not raised in Petitioners' petition for a writ of certiorari. Even assuming Petitioners are correct, we

---

[7] *See id.* § 12-21-2550 (2014) ("A person liable to the [admissions] tax shall make a true and correct return to the department . . . . If a person fails to make a true and correct return or fails to file the return, the department shall make an estimate of the tax liability from the best information available, and issue a proposed assessment for the taxes, including penalties and interest.").

nonetheless reach the merits of Respondent's argument given: (1) the interest of judicial economy; (2) the already tortured procedural history of this case; (3) the issue is intertwined with the other arguments raised on appeal; and (4) both parties addressed the issue in their briefs and oral arguments before the Court in this case.

Turning to the issue's merits, we hold Respondent is prohibited from proceeding as a class action albeit not for the same reasons relied on by the circuit court. Section 12-60-80(C) provides:

> Notwithstanding subsections (A) and (B), a claim or action for the refund of taxes may not be brought as a class action in the Administrative Law Court or any court of law in this State, and the department, political subdivisions, or their instrumentalities may not be named or made a defendant in any other class action brought in this State.

S.C. Code Ann. § 12-60-80(C) (2014). The plain language of the statute prohibits a claim for a tax refund from being brought as a class action in any court of law in this state. Therefore, Respondent is prohibited from proceeding as a class action for the refund of the state admissions taxes.[8]

## IV. Conclusion

In sum, we hold the circuit court erred in finding the Act's application is limited to disputes with the SCDOR concerning property taxes. Because the Act is applicable to this case, Respondent is required to follow the administrative remedies under the Act and is prohibited from proceeding as a class action against Petitioners. Based on the disposition of the abovementioned issues, we decline to reach Petitioners' remaining argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing this

---

[8] After finding the Act was inapplicable to this case, the circuit court, relying on this Court's decision in *Drummond v. State*, 378 S.C. 362, 662 S.E.2d 587 (2008), determined Respondent was prohibited from proceeding as a class action against Petitioners. Respondent argues it is inconsistent to find the Act is inapplicable to this case, yet apply a provision from the Act to its outcome. We need not address Respondent's argument or the circuit court's reliance on *Drummond* because we find the Act, and its provisions concerning the prohibition on class actions and exhaustion of administrative remedies, applies to this case.

Court need not address remaining issues when disposition of prior issue is dispositive of the appeal).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**KITTREDGE, HEARN, JJ., and Acting Justice Costa M. Pleicones, concur.  FEW, J., concurring in a separate opinion.**

**JUSTICE FEW:** I concur with the majority opinion except for subsection III.A. As to that subsection, I concur only with the result reached by the majority because I have one important disagreement regarding the application of our rules of statutory interpretation.

This Court has repeatedly held, "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed . . . ." *State v. Ramsey*, 409 S.C. 206, 209, 762 S.E.2d 15, 17 (2014) (quoting *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)); *see also Lambries v. Saluda Cty. Council*, 409 S.C. 1, 10, 760 S.E.2d 785, 789 (2014) ("If a statute is ambiguous, the courts must construe its terms."); *Timmons v. S.C. Tricentennial Comm'n*, 254 S.C. 378, 401, 175 S.E.2d 805, 817 (1970) ("If a statute is clear and explicit in its language, then there is no need to resort to statutory interpretation or legislative intent to determine its meaning."). In this case, relying on what it calls "the plain language" of section 12-60-20 of the South Carolina Code (2014), the majority finds the exhaustion of remedies requirement of the Revenue Procedures Act applies both to "a dispute with the Department of Revenue" and to "a dispute concerning property taxes." Nevertheless, the majority proceeds to employ various rules of statutory interpretation to explain the meaning of section 12-60-20.

I agree the plain language of section 12-60-20 is unambiguous and conveys a clear and definite meaning. Therefore, I agree the section requires the result the majority reaches. I disagree, however, that it is appropriate to employ rules of statutory interpretation after finding the statute's meaning is plain. Under this Court's own repeatedly-stated admonition, "the rules of statutory interpretation are not needed." *Ramsey*, 409 S.C. at 209, 762 S.E.2d at 17.