**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Rene McMasters, now known as Rene McMasters Ronaghan, Respondent,

v.

H. Wayne Charpia a/k/a Howard W. Charpia and Jody E. Charpia, Defendants,

of whom H. Wayne Charpia a/k/a Howard W. Charpia is the Appellant.

Appellate Case No. 2017-000834

———————————

Appeal From Dorchester County
Carmen T. Mullen, Circuit Court Judge

———————————

Unpublished Opinion No. 2020-UP-276
Submitted April 1, 2020 – Filed September 30, 2020

———————————

**AFFIRMED**

———————————

H. Wayne Charpia, of Summerville, pro se.

Frank M. Cisa, of The Law Firm of Cisa & Dodds, LLP, of Mount Pleasant, for Respondent.

———————————

**PER CURIAM:** In this civil matter, H. Wayne Charpia, pro se, appeals the circuit court's order denying his motion for declaratory judgment. On appeal, Charpia argues the circuit court erred in failing to grant a homestead exemption to Roger D. Charpia, Charpia's intellectually disabled brother (Brother). We affirm.

We find the circuit court did not err in denying Charpia's motion for declaratory judgment. *See Albertson v. Robinson*, 371 S.C. 311, 315, 638 S.E.2d 81, 83 (Ct. App. 2006) ("A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue."); *Lightner v. Hampton Hall Club, Inc.*, 419 S.C. 357, 363, 798 S.E.2d 555, 558 (2017) (providing that issues involving statutory interpretation are questions of law); *S.C. Lottery Comm'n v. Glassmeyer*, 428 S.C. 423, 430, 835 S.E.2d 524, 527 (Ct. App. 2019) ("The appellate court reviews questions of law de novo."). Ronaghan obtained a judgment against Charpia, which made him a debtor subject to the foreclosure of her judgment lien. Nothing in the record indicates Brother was a party to the prior suit or a codebtor of the judgment lien. *See McMasters v. Charpia*, Op. No. 2011-UP-099 (S.C. Ct. App. filed Mar. 14, 2011). Accordingly, we find only Charpia is entitled to a homestead exemption in the property. *See* S.C. Code Ann. § 15-41-30(A)(1)(a) (2005 & Supp. 2019) (providing that a "debtor's aggregate interest, not to exceed fifty thousand dollars in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence" is "exempt from attachment, levy, and sale under any mesne or final process issued by a court or bankruptcy proceeding"); *In re Scotti*, 456 B.R. 760, 764 (Bankr. D.S.C. 2011) (providing that the inclusion of the phrase "or a dependent of the debtor" in subsection 15-41-30(A)(1)(a) does not create a separate exemption for the "dependent" in addition to that of the debtor); *id.* ("The purpose of this inclusion is to exempt the property interest of a debtor if the debtor or a dependent of the debtor uses the property as a residence."); *id.* ("The use of the property by both the debtor and a dependent does not, however, increase the amount of exemption available to the debtor."). Because Charpia already received a homestead exemption for himself as a resident of the property, we find the circuit court properly denied Charpia's motion for declaratory judgment.[1]

---

[1] Because the above finding is dispositive, we decline to address Charpia's remaining argument on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**[2]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.