# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Mary Cromey, Appellant,

v.

South Carolina Department of Revenue, Respondent.

Appellate Case No. 2018-001739

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

Opinion No. 5842
Heard June 8, 2021 – Filed August 4, 2021

**AFFIRMED**

Joshua Madison Tyler Felder and Richard L. Few, Jr.,
both of Parker Poe Adams & Bernstein, LLP, of
Greenville, for Appellant.

Nicole Martin Wooten, of Columbia, for Respondent.

**GEATHERS, J.:** Appellant Mary Cromey (Taxpayer) challenges an order of the
Administrative Law Court (ALC) upholding a determination by Respondent South
Carolina Department of Revenue (the Department) that Taxpayer does not qualify
as a surviving spouse of a disabled veteran for purposes of the property tax

exemption set forth in section 12-37-220(B)(1) of the South Carolina Code (2014).[1] We affirm.

## FACTS/PROCEDURAL HISTORY

[1] Section 12-37-220(B)(1) allows disabled military veterans or their surviving spouses to claim a property tax exemption for:

> (a) the house owned by an eligible owner in fee or jointly with a spouse;
>
> (b) the house owned by a qualified surviving spouse acquired from the deceased spouse and a house subsequently acquired by an eligible surviving spouse. The qualified surviving spouse shall inform the Department of Revenue of the address of a subsequent house;
>
> . . .
>
> (e) As used in this item:
>
> (i)     "eligible owner" means:
>
> > (A) a veteran of the armed forces of the United States who is permanently and totally disabled as a result of a service-connected disability **and** who files with the Department of Revenue a certificate signed by the county service officer certifying this disability;
>
> . . .
>
> (iii)    "qualified surviving spouse" means the surviving spouse of an individual described in subsubitem (i) while remaining unmarried, who resides in the house, and who owns the house in fee or for life.
> > . . . .

(emphasis added).

The parties agree that the facts in this case are undisputed. Therefore, we adopt the following recitation of facts from the order on appeal:

> [Taxpayer] is the surviving spouse of Lloyd D. Cromey (Mr. Cromey). In February 2004, the United States Veterans Administration (VA) deemed Mr. Cromey to be permanently and totally disabled. [Taxpayer] and Mr. Cromey lived in a jointly owned home in Owing Mills, Maryland, until his death in 2005. *Mr. Cromey has never been a resident of South Carolina or owned real property in South Carolina.*
>
> In 2010, several years after Mr. Cromey's death, [Taxpayer] moved to South Carolina and purchased real property located at 1551 Ben Sawyer Blvd., Unit 6B, Mount Pleasant, South Carolina. [Taxpayer] submitted an application to the Department for the disabled veteran property tax exemption as a surviving spouse on this property beginning with tax year 2011. The Department granted [Taxpayer]'s application.[2]
>
> In 2016, [Taxpayer] sold the property located at 1551 Ben Sawyer Blvd., Unit 6B, Mount Pleasant, South Carolina, and purchased a new property located at 1885 Carolina Towne Court (Towne Court), Mount Pleasant, South Carolina. [Taxpayer] was, and is, the sole owner of Towne Court. Thereafter, on February 17, 2017, [Taxpayer] applied for the disabled veteran property tax exemption as a surviving [spouse] for Towne Court. The Department denied [Taxpayer's] application. [Taxpayer] has never remarried.

(emphasis added). Taxpayer protested the Department's denial of the exemption, and the Department ultimately issued a final agency determination upholding the denial. Taxpayer then sought a contested case hearing before the ALC. The Department and Taxpayer filed cross-motions for summary judgment, and the ALC granted summary judgment to the Department. This appeal followed.

---

[2] The Department now asserts that it made a mistake in granting this application.

## ISSUE ON APPEAL

Did the ALC err by concluding that Taxpayer did not qualify as a surviving spouse of a disabled veteran for purposes of section 12-37-220(B)(1)?

## STANDARD OF REVIEW

The Administrative Procedures Act governs the standard of review on appeal from a decision of the ALC, allowing this court to

> reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C. Code Ann. § 1-23-380(5) (Supp. 2020).

Further, when a trial court grants summary judgment on a question of law, such as statutory interpretation, the appellate court must review the ruling de novo. *Wright v. PRG Real Estate Mgmt., Inc.*, 426 S.C. 202, 212, 826 S.E.2d 285, 290 (2019); *see Lightner v. Hampton Hall Club, Inc.*, 419 S.C. 357, 363, 798 S.E.2d 555, 558 (2017) ("An issue regarding statutory interpretation is a question of law." (quoting *Univ. of S. Cal. v. Moran*, 365 S.C. 270, 274, 617 S.E.2d 135, 137 (Ct. App. 2005))).

## LAW/ANALYSIS

Taxpayer argues that she qualifies as a surviving spouse of a disabled veteran for purposes of the property tax exemption set forth in section 12-37-220(B)(1) because the statute's plain language does not condition eligibility on first acquiring an exempt house from the deceased veteran. We disagree.

"What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will." *S.C. Dep't of Soc. Servs. v. Boulware*, 422 S.C. 1, 8, 809 S.E.2d 223, 226 (2018) (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)). "Therefore, the courts are bound to give effect to the expressed intent of the legislature." *Id.* (quoting *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581). "Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute." *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581. "Where the statute's language is plain and unambiguous[] and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Id.*; *see also State v. Johnson*, 396 S.C. 182, 188, 720 S.E.2d 516, 520 (Ct. App. 2011) ("In interpreting a statute, the court will give words their plain and ordinary meaning[] and will not resort to forced construction that would limit or expand the statute.").

"Th[e appellate c]ourt looks beyond a statute's plain language only when applying the words literally would lead to a result so patently absurd that the General Assembly could not have intended it." *Boulware*, 422 S.C. at 8, 809 S.E.2d at 226. Although our supreme court has expressed a policy of strictly construing tax exemption statutes against the taxpayer, "[t]his rule of strict construction simply means that constitutional and statutory language will not be strained or liberally construed in the taxpayer's favor." *CFRE, LLC v. Greenville Cty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) (quoting *Se. Kusan, Inc. v. S.C. Tax Comm'n*, 276 S.C. 487, 489, 280 S.E.2d 57, 58 (1981)). "It does not mean that [the appellate court] will search for an interpretation in [the Department]'s favor where the plain and unambiguous language leaves no room for construction." *Id.* at 74–75, 716 S.E.2d at 881.

Section 12-37-220(B)(1) allows disabled military veterans or their surviving spouses to claim a property tax exemption for:

> (a)    the house owned by an eligible owner in fee or jointly with a spouse;

> (b) the house owned by a qualified surviving spouse acquired from the deceased spouse *and* a house subsequently acquired by an eligible surviving spouse. The qualified surviving spouse shall inform the Department of Revenue of the address of a subsequent house;

. . .

    (e) As used in this item:

    (i)    "eligible owner" means:

        (A) a veteran of the armed forces of the United States who is permanently and totally disabled as a result of a service-connected disability **and** who files with the Department of Revenue a certificate signed by the county service officer certifying this disability;

    . . . .

    (iii)    "qualified surviving spouse" means the surviving spouse of an individual described in subsubitem (i) while remaining unmarried, who resides in the house, and who owns the house in fee or for life. . . .

    (iv)    "house" means a dwelling and the lot on which it is situated classified in the hands of the current owner for property tax purposes pursuant to Section 12-43-220(c)[.[3]]

(emphases added). Therefore, a surviving spouse's eligibility for this exemption is derivative of the disabled veteran having been eligible for the exemption. Pursuant to the statute's clear terms, a disabled veteran's eligibility for the exemption requires his ownership of the house in question "in fee or jointly with a spouse" and his having filed with the Department "a certificate signed by the county service officer certifying [a service-connected] disability." § 12-37-220(B)(1)(e)(i). It is undisputed that Taxpayer's husband neither owned property in South Carolina nor filed the required certificate with the Department as he and Taxpayer resided in Maryland at the time of his death. Curiously, Taxpayer asserts the certification requirement does not apply to her because she is an "eligible surviving spouse" as set forth in item (1), subitem (b), and "there is no textual link . . . between an eligible surviving spouse and the certification requirement."

---

[3] This property is classified as an owner-occupied legal residence and is taxed at a rate of four percent of its fair market value. S.C. Code Ann. § 12-43-220(c)(1) (Supp. 2020).

Subitem (b) identifies the property for which a surviving spouse may claim the exemption in the following manner: "the house owned by a qualified surviving spouse acquired from the deceased spouse *and* a house subsequently acquired by an eligible surviving spouse." § 12-37-220(B)(1)(b) (emphasis added). The legislature's inclusion of the conjunction "and" rather than "or" indicates there was no intent to allow an alternative exemption for a surviving spouse who does not first acquire an exempt house from the disabled veteran. Likewise, the inclusion of the term "subsequently" indicates a relationship to the term "acquired" within the preceding phrase: "the house owned by a qualified surviving spouse *acquired* from the deceased spouse and a house *subsequently* acquired by an eligible surviving spouse." § 12-37-220(B)(1)(b) (emphases added). In other words, "subsequently acquired" means subsequent to the qualified surviving spouse's acquisition of an exempt house from the deceased veteran. Otherwise, the legislature would not have included the term "subsequently." *See CFRE*, 395 S.C. at 74, 716 S.E.2d at 881 ("[W]e must read the statute so 'that no word, clause, sentence, provision or part shall be rendered surplusage, or superfluous,' for '[t]he General Assembly obviously intended [the statute] to have some efficacy, or the legislature would not have enacted it into law.'" (citation omitted) (second and third alterations in original) (quoting *State v. Sweat*, 379 S.C. 367, 377, 382, 665 S.E.2d 645, 651, 654 (Ct. App. 2008))). It logically follows that the entire phrase "and a house subsequently acquired by an eligible surviving spouse" relates back to the preceding phrase, conditioning eligibility for the exemption on first acquiring an exempt house from the deceased veteran.

Despite the absence of a logically separate and symmetrical subitem expressing a third class of persons eligible for the exemption, Taxpayer essentially seeks to carve out a third class from subitem (b). Taxpayer asserts that the legislature intended "eligible surviving spouse" to mean merely a surviving spouse who remains unmarried. Taxpayer attempts to support this assertion with the argument that the term "subsequently" relates back to the veteran's death (meaning subsequent to the veteran's death) rather than the surviving spouse's acquisition of the veteran's exempt house and, thus, a surviving spouse who does not first acquire an exempt house from the deceased veteran is eligible for the exemption when she acquires a residence from another source. Taxpayer states: "Any house acquired by a surviving spouse after the death of the [veteran] would thus be a 'subsequently acquired' house qualifying for the [e]xemption under the third category." This is a strained interpretation of item (1) that takes its terms out of their critical context to reach a result the legislature did not intend. *See Singletary v. S.C. Dep't of Educ.*, 316 S.C. 153, 162, 447 S.E.2d 231, 236 (Ct. App. 1994) ("The intention of the legislature

must be gleaned from the entire section and not simply clauses taken out of context.").  The term "subsequently" is an adverb that modifies the past tense of the verb "acquire."  Further, although the surviving spouse's acquisition of the deceased veteran's exempt house presumably occurs on the same date as the date of the veteran's death, the noun "death" does not appear as the event of reference for "subsequently" in subitem (b).

Therefore, the legislature's use of the words "eligible surviving spouse" does not indicate a third class of persons who may claim the exemption.  If the legislature had intended to create such a class, it would have added a separate subitem within item (1) setting forth the third class and a separate definition for "eligible surviving spouse" as it did for "qualified surviving spouse" and "eligible owner."  Rather, the context in which the word "eligible" is used in subitem (b) indicates the word is to be understood in its plain sense, which is synonymous with "qualified"[4] and simply means eligible for the exemption.  Accordingly, "eligible surviving spouse" is simply a reference to the qualified surviving spouse who has become eligible for the exemption on a subsequently acquired house after first acquiring the deceased veteran's exempt house.  The connection between "the qualified surviving spouse" and "subsequent house" in the last sentence of subitem (b) confirms this plain reading of the statute:  "The qualified surviving spouse shall inform the Department of Revenue of the address of a *subsequent* house[.]"    § 12-37-220(B)(1)(b) (emphasis added); *see Singletary*, 316 S.C. at 162, 447 S.E.2d at 236 ("The intention of the legislature must be gleaned from the entire section and not simply clauses taken out of context.").  Under Taxpayer's interpretation of subitem (b), the qualified surviving spouse would be required to inform the Department of the address of a subsequently acquired house but an "eligible surviving spouse" who does not meet the definition of qualified surviving spouse would not have to inform the Department.  The legislature could not have intended this incongruous result.

We view section 12-37-220(B)(1)(b) as unambiguous because the only reasonable interpretation of the statute is that of the ALC and the Department.  *Cf. S.C. Dep't of Nat. Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302 (2001) ("A contract is ambiguous when the terms of the contract are *reasonably* susceptible of more than one interpretation." (emphasis added)).  Nonetheless, even if the statute could be considered ambiguous, the interpretation of the ALC and the Department better harmonizes with the legislature's expressed

---

[4] *See* Merriam-Webster Online Dictionary, *Eligible*, https://www.merriam-webster.com/dictionary/eligible (June 24, 2021) ("1a: qualified to participate or be chosen").

intent to require proof of a disability before allowing a tax exemption for it. *See CFRE*, 395 S.C. at 74, 716 S.E.2d at 881 ("We . . . should not concentrate on isolated phrases within the statute. Instead, we read the statute as a whole and in a manner consonant and in harmony with its purpose." (citation omitted)); *see also S.C. Energy Users Comm. v. S.C. Pub. Serv. Comm'n*, 388 S.C. 486, 491, 697 S.E.2d 587, 590 (2010) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." (quoting *Hardee v. McDowell*, 381 S.C. 445, 453, 673 S.E.2d 813, 817 (2009))); *Boulware*, 422 S.C. at 8, 809 S.E.2d at 226 ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will." (quoting *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581)). Taxpayer's interpretation allows an "eligible surviving spouse" to obtain the exemption even if the corresponding deceased veteran never provided the Department with proof of his disability during his lifetime. Yet, this same interpretation requires a living disabled veteran to submit such proof before he may obtain the exemption for himself under subitem (a). The legislature could not have intended this incongruous result, especially given the derivative nature of the exemption for surviving spouses.

Further, we note the Department's representation that it has consistently interpreted and applied section 12-37-220(B)(1)(b) in the same way it has applied the statute to Taxpayer for her residence at 1885 Carolina Towne Court.[5] Therefore, this court may defer to this interpretation. *See Kiawah Dev. Partners, II v. S.C. Dep't of Health & Envtl. Control*, 411 S.C. 16, 32–33, 766 S.E.2d 707, 717 (2014) ("Interpreting and applying statutes and regulations administered by an agency is a two-step process. First, a court must determine whether the language of a statute or regulation directly speaks to the issue. If so, the court must utilize the clear meaning of the statute or regulation. If the statute or regulation 'is silent or ambiguous with respect to the specific issue,' the court then must give deference to the agency's interpretation of the statute or regulation, assuming the interpretation is worthy of deference." (citations omitted) (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984))); *id.* at 34, 766 S.E.2d at 718 ("[W]e give deference to agencies both because they have been entrusted with administering their statutes and regulations and because they have unique skill and expertise in administering those statutes and regulations."); *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 515, 560 S.E.2d 410, 414 (2002) ("[T]he construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons."

---

[5] The Department asserts that it made a mistake in granting the exemption for the property located at 1551 Ben Sawyer Blvd.

(quoting *Dunton v. S.C. Bd. of Exam'rs in Optometry*, 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987))).

Finally, Taxpayer asserts that the legislative history of section 12-37-220(B)(1) supports her position. We disagree. Prior to 2004, item (1) identified the property for which a disabled military veteran could claim the exemption in the following manner:

> The dwelling house in which he resides and a lot not to exceed one acre of land owned in fee or for life, or jointly with a spouse, by a veteran who is one hundred percent permanently and totally disabled from a service-connected disability, if the veteran or qualifying surviving spouse files a certificate, signed by the county service officer, of the total and permanent disability with the Department of Revenue. The exemption is allowed the surviving spouse of the veteran and also is allowed to the surviving spouse of a serviceman or law enforcement officer as defined in Section 23-6-400(D)(1) killed in action in the line of duty who owned the lot and dwelling house in fee or for life, or jointly with his spouse, so long as the spouse does not remarry, resides in the dwelling, and obtains the fee or a life estate in the dwelling. *A surviving spouse who disposes of the exempt dwelling and acquires another residence in this State for use as a dwelling house . . . may apply for and receive the exemption on the newly acquired dwelling, but a subsequent dwelling of a surviving spouse is not eligible for exemption pursuant to this item.* The spouse shall inform the Department of Revenue of the change in address of the dwelling. To qualify for the exemption, the dwelling house must be the domicile of the person who qualifies for the exemption.

Act No. 399, 2000 S.C Acts 3463 (emphasis added). The legislature amended item (1) in 2004 to read as it does today. *See* Act No. 224, 2004 S.C. Acts 2022.

The plain meaning of the language in the 2000 Act (Act No. 399) simply allowed a qualified surviving spouse who chose to move to a new residence to claim an exemption for the newly acquired house after relinquishing ownership of the

exempt house acquired from the deceased spouse.  The language also expressly limited the exemption to the house acquired from the deceased spouse and one subsequently acquired house.  If the qualified surviving spouse relinquished ownership of the second house and acquired a third house to live in, she could not claim an exemption for the third house or any other future residences.

The plain language of the current version of the statute indicates that the legislature extended the exemption to all subsequently acquired residences by (1) substituting the phrase "a house subsequently acquired by an eligible surviving spouse" for the statement "A surviving spouse who disposes of the exempt dwelling and acquires another residence in this State for use as a dwelling house . . . may apply for and receive the exemption on the newly acquired dwelling" and (2) deleting the language limiting the exemption to the house acquired from the deceased spouse and one subsequently acquired house.

We disagree with Taxpayer's intimation that the 2004 amendment created a third class of persons eligible for the exemption, i.e., "an eligible surviving spouse." The 2004 amendment simply retained the term "eligible" from the version enacted in 2000, which states, in pertinent part:

> A surviving spouse who disposes of the exempt dwelling and acquires another residence in this State for use as a dwelling house . . . may apply for and receive the exemption on the newly acquired dwelling, but a subsequent dwelling of a surviving spouse is not *eligible* for exemption pursuant to this item.

Act No. 399, 2000 S.C Acts 3463 (emphasis added).  When the legislature expanded the exemption in 2004 to all subsequent dwellings, it connected their acquisition to a surviving spouse who had become eligible for that exemption after she first acquired the deceased veteran's exempt house, resulting in the current language found in section 12-37-220(B)(1)(b):  "the house owned by a qualified surviving spouse acquired from the deceased spouse and a house *subsequently acquired* by an *eligible surviving spouse*." (emphases added).  Therefore, this language did not create a third class of persons who may claim the exemption.

Moreover, we note that the 2004 amendment deleted language allowing the surviving spouse to file the certificate verifying the veteran's service-connected disability with the Department so that the exemption is not allowed if the veteran himself did not file the certificate.  This indicates the legislature's intent to ensure

that the surviving spouse's ability to obtain the exemption is merely derivative. She may not obtain the exemption on a house she purchases after the disabled veteran's death unless she first acquired a previously exempt house from the deceased veteran.

We also disagree with Taxpayer's contention that her interpretation is supported by the following language in the preamble to Act No. 224: "An Act . . . to continue the exemption to subsequent homesteads of surviving spouses and provide the requirements for this extended exemption . . . ." We view this language as simply expressing the legislature's intent to extend the exemption to all houses acquired by the qualified surviving spouse after she leaves the exempt house she acquired from the deceased veteran. Prior to Act No. 224, the exemption extended to only one subsequently acquired house.

Based on the foregoing, the ALC correctly ruled that the Department was entitled to judgment as a matter of law. *See* Rule 56(c), SCRCP (providing that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

## CONCLUSION

Accordingly, the ALC's order is

**AFFIRMED.**

**KONDUROS and MCDONALD, JJ., concur.**